STATE v. JACOB F. SLAGLE.

*Joinder of Counts—Attempt to Commit Crime—Conviction of Misdemeanor on Charge of Felony.*

1. An attempt to commit a felony or misdemeanor is, at common law, in itself a misdemeanor; *hence,* an attempt to murder by administering poison is a misdemeanor.
2. Where one is indicted and tried for a felony, yet the facts averred in the indictment constitute only a misdemeanor, the court may give judgment for such misdemeanor.
3. It is a common law misdemeanor to administer a noxious drug with intent to produce an abortion.
4. It is not a demurrable misjoinder of counts to charge in the same bill an attempt to kill by administering noxious and poisonous drugs, and an attempt to produce an abortion by the same means; both offences being misdemeanors of the same grade and punishable alike.

(*State* v. *Upchurch*, 9 Ired., 454, cited and approved.)

INDICTMENT for administering Poison, tried at Fall Term, 1879, of MACON Superior Court, before *Graves, J.*

The defendant demurred to the bill of indictment, demurrer overruled, and defendant appealed.

*Attorney General,* for the State.

No counsel for defendant in this court.

ASHE, J.   The indictment contained four counts; the first two charged the defendant with having *wilfully* and *feloniously* administered a poisonous drug to one Eva Bryson, with intent to kill and murder her, varying only in the description of the drug used.   The last two counts charged him with having unlawfully and wickedly administered a noxious potion to the said Eva, then being quick with child, with the intent to cause and procure the miscarriage of the said Eva, and the premature birth of the said child; these two counts only differing as to the nature of the drugs employed to effect the purpose.   The defendant when called upon to plead to the indictment, demurred to the same, and assigned for cause of demurrer:   1st. That the facts set forth and charged against him in said bill of indictment do not constitute an offence or crime against the laws of North Carolina.   2nd. That there is a misjoinder of counts in said bill of indictment.

The court committed no error in overruling the demurrer.   The facts charged in the bill are admitted by the demurrer.   The charge in the first two counts of administering the poison with intent to kill and murder, amounted to an attempt to commit a felony, and every attempt to commit a felony or misdemeanor is at common law, in itself, a misdemeanor.   Whar. Cr. Law, § 2686; Roscoe Cr. Ev., 283.

It is a common law offence and the common law is in force in this state.   The defendant is therefore charged in the indictment with a crime under the laws of the state.   And when one in this state is indicted and tried as for a felony, yet the facts averred in the indictment do not support the charge of felony, but a misdemeanor, the court may give judgment for such misdemeanor.   *State* v. *Upchurch,* 9

Ired., 454. As Chief Justice RUFFIN in that case says, "it does not raise the grade of a crime, although an indictment does apply the epithet "*felonice*" to that which is not a felony." Calling it a felony does not make it one.

The second cause of demurrer assigned is not less untenable than the first. We have no statute making it indictable to administer "drugs" to produce abortion, and there is very little to be found on the subject in either the English or American writers on criminal law, but it is held by the highest authority that it is a misdemeanor at common law. Russell on Crimes, 522. And Wharton in his work on Criminal Law, § 1220, says: "There is no doubt at common law the destruction of an infant unborn is a high misdemeanor, and at an early period, it seems to have been murder. * * * It has been said it is not an indictable offence to administer a drug to a woman and thereby to procure an abortion, unless the mother is quick with child, though such a distinction, it is submitted, is neither in accordance with the results of medical experience or with the principles of the common law. See also Hawkins, ch. 13, § 16.

Each of the counts of the indictment then is for a misdemeanor at common law, the punishment for which is fine and imprisonment, or both, at the discretion of the court. And it is well settled that there may be a joinder of counts when the grade of the offence and the punishment are the same. There was then no misjoinder, and no error in the ruling of His Honor upon the demurrer. Let this be certified to the superior court of Macon county that further proceedings be had agreeably to this opinion and the law of the state.

PER CURIAM.                              No error.