### STATE v. WILLIAM STATON.

*Indictment——Assault with intent to commit rape.*

1. The case of *State* v. *Johnston,* 76 N. C., 209, approved, to the effect that an indictment for an assault with intent to commit rape (under Bat. Rev., ch. 32, ⸹ 5) is supported by proof that the assault was made upon a female under ten years of age. It is not necessary that the age should be stated in the bill.

2. Such offence is a misdemeanor, and to charge it as a felony, does·not raise the grade of the offence.

(*State* v. *Johnston,* 76 N. C., 209; *Slagle,* 82 N. C., 653; *Upchurch,* 9 Ired., 454, cited and approved).

INDICTMENT for an assault with intent to commit rape tried at Fall Term, 1882, of UNION Superior Court, before *Graves, J.*

The indictment is in substance as follows: The jurors, &c., present that Staton, colored, on the first day of October, 1882, with force and arms, &c., in and upon one Julia Edwards, a female, &c., then and there being, violently and feloniously did make an assault, and her, the said Julia, then and there did beat, wound and ill-treat, with intent her, the said Julia, violently and against her will, feloniously to ravish and carnally know, and other wrongs, &c.

Verdict of guilty; motion in arrest of judgment; motion overruled; judgment; appeal by defendant.

*Attorney-General,* for the State.
No counsel for the defendant.

ASHE, J. The record does not show upon what ground the motion in arrest was made, and we are left to conjecture; but as the evidence offered on the part of the prosecution showed that Julia Edwards, the person upon whom the assault was committed, was an infant under ten years of age, we suppose the ground

of the motion in arrest is the omission in the indictment to state that she was under that age. This ground cannot be maintained.

The defendant is indicted under the third section of chapter 167, of the act of 1868–'69 (Bat. Rev., ch. 32, § 5), which reads: "Every person convicted by due course of law of an assault with intent to commit a rape upon the body of any female, shall be imprisoned in the state's prison, not less than five nor more than fifteen years."

This act has been construed in an elaborate and well considered opinion by Mr. Justice READE, in the case of *State* v. *Johnston*, 76 N. C., 209, in which it is held, that, in an indictment under that statute, the age of the party upon whom the assault is alleged to have been committed need not be stated. He said the third section of the act (the one under consideration) should be construed as if it read as follows: "If any person shall attempt to commit the rape specified in the second section, that is to say, to carnally know a female over ten years of age against her will, or to carnally know and abuse a female under ten years of age, with or against her will, he shall be punished, &c." And his conclusion is that the conviction in that case was proper, although the indictment failed to state the age of the person assaulted, the charge having been supported by proof of an assault to unlawfully and carnally know and abuse a female under ten years of age. We do not know why the solicitor has described the defendant as a person of color, as the statute describing the offence makes no distinction as between races.

It has been so repeatedly decided by this court that the use of the word "felonious" in an indictment for a misdemeanor does not raise the grade of the offence, that we hardly suppose that was one of the grounds of the motion in arrest. Calling a misdemeanor a felony does not make it one. *State* v. *Upchurch*, 9 Ired., 454; *State* v. *Slagle*, 82 N. C., 653.

We are unable to discover any error in the record. This will be certified, &c.

No error.                                  Affirmed.