## STATE v. ALEXANDER EDWARDS.

### *Indictment.*

An indictment charging a misdemeanor as a felony does not raise the grade of the offence : calling it a felony does not make it one.

(*State v. Slagle,* 82 N. C., 653; *State v. Watts, Ib.,* 656; *State v. Slaton,* 88 N. C., 654; *State v. Upchurch,* 9 Ired., 454, cited and approved).

INDICTMENT for burning an uninhabited house tried at January Term, 1884, of CUMBERLAND Superior Court, before *MacRae, J.*

The indictment was found at fall term, 1883, and is in substance as follows: The jurors, &c., present that the defendant, &c., did unlawfully, wilfully, maliciously and feloniously set fire to and burn a certain uninhabited house, the property of J. C. Blocker, with intent to destroy said house and to injure said Blocker, contrary, &c.

The jury returned a verdict of guilty, and the defendant moved in arrest of judgment, which motion was sustained and the state solicitor appealed.

*Attorney-General,* for the State.
*Messrs. J. W. Hinsdale* and *W. A. Guthrie,* for defendant.

ASHE, J.   The defendant is indicted for burning an uninhabited house, which by statute is made a misdemeanor (Bat. Rev., ch. 32, §93), and the defendant moved to arrest judgment upon the ground that the offence, being only a misdemeanor, is charged to have been done " feloniously," and that the indictment was therefore defective.   But this court has repeatedly held that the use of the term " feloniously " in an indictment for a misdemeanor does not raise the grade of the offence, and the word is to be treated as surplusage : that calling a misdemeanor a felony does not make it one.   *State* v. *Slagle,* 82 N. C., 653 ; *State* v. *Watts, Ib.,* 656 ; *State* v. *Slaton,* 88 N. C., 654; *State* v. *Upchurch,* 9 Ired., 454.   There is error.

Error.                                             Reversed.