### STATE v. FRED ROBERTS AND CLARA ADAMS.

(Filed 29 October, 1924.)

**1. Criminal Law—Evidence—Declarations—Fornication and Adultery.**

Where the defendants are being tried for fornication and adultery, testimony of the wife that the feme defendant accompanied by her husband had entered the store where she was at work, and had left together after the feme defendant, uninterrupted by her husband, had assaulted her and told her of matters inferring the guilt of her husband, etc., while the declarations are primarily the declarations of the feme defendant, they are also competent against the male defendant who stood silent at the time and by his conduct acquiesced therein. C. S., 4343.

**2. Same—Nonsuit—Statutes.**

Upon the demurrer by the male defendant to the State's evidence, upon a trial for fornication and adultery, the principle that the declarations of one defendant may not be received in evidence of the guilt of the other does not apply when the declarations of the paramour of the male defendant is made in his presence, while the female defendant is assaulting his wife and he is standing inactively by and encouraging her therein by his conduct, and remains silent when the paramour's declarations are so made.

CRIMINAL ACTION charging defendants with fornication and adultery, tried before *McElroy, J.,* and a jury, at July Term, 1924, of FORSYTH.

It appears that these defendants, charged in separate warrants, were each found guilty of the offense by the municipal court, and from judgments imposed appealed to Superior Court, and the cause having been there consolidated were tried and determined, as stated, in the Superior Court.

There was evidence on the part of the State tending to show that in 1924, male defendant's wife having left his home, defendant, Clara Adams, came to live at said home in response to an advertisement by male defendant for a housekeeper, etc., and was hired at the rate of $7.50 per week. There was evidence offered permitting the inference of guilt on the part of defendants while living in the house together.

The State having. rested its case, there was motion for nonsuit by defendant Roberts. Overruled. Exception. Thereupon defendant Roberts offered no testimony, and again excepted on refusal of a second motion for nonsuit. Defendant, Clara Adams, then offered evidence tending to establish that she was at no time guilty of illicit relations with the male defendant and herself testified to that effect. On cross-examination she further testified that during her stay with defendant as housekeeper, etc., he took her to Pittsburgh, Pa., to see some of her relatives and on the road they spent the night together in the automobile.

State then, over objection of defendant, Roberts, was permitted to offer further evidence tending to show the guilt of the parties and defendant Roberts excepted. There was verdict of guilty, judgment, and defendant Roberts appealed, assigning errors.

*Attorney-General Manning, Assistant Attorney-General Nash, and Swink, Clement & Hutchins for the State.*

*John C. Wallace, Raymond G. Parker for defendant.*

HOKE, C. J. The statute forbidding the offense, C. S., 4343, closes with the provision "that the admissions or confessions of one shall not be received in evidence against the other," and it is insisted for appellant that on the trial this proviso was disregarded to his prejudice in allowing the State to introduce certain conduct and declarations of Clara Adams on the issue of appellant's guilt, as follows:

There was evidence tending to show that while the defendants were living at the home of defendant Roberts, on one occasion the two went to a store in Winston-Salem where the wife was then employed and at work, and Clara Adams approached the wife and began to abuse her, saying that she, Clara Adams, was now Fred Roberts' second wife and she had papers to show it. That she then and there assaulted Mrs. Roberts with great violence, grabbed her around the neck, jerked her to the floor and kicked her in the breast and on the mouth, pulling out some of her hair, etc. That when the assault began, Clara Adams handed her pocket book and vanity case and handkerchief to defendant Roberts, telling him to hold them for her, which he did. That they had come in together and Roberts stood by during the fight, in

two or three feet of them, holding these articles and making no effort to interfere, and after the beating he and Clara Adams went out of the store together, etc. The proprietor of the store said that he pleaded with Roberts to interfere for the protection of his wife and to restrain her assailant, but he would not.

While this is primarily the speech and conduct of Clara Adams, and would ordinarily be excluded by the statute, when made in the presence of Roberts it becomes a relevant and pregnant circumstance, not from the declaration itself, but by reason of the behavior of Roberts concerning it. For he not only did nothing to restrain his alleged paramour, but was apparently encouraging her misconduct. The failure of a man to act in the presence of conditions presented here is fully as significant if not more so, than his silence in the presence of a direct accusation, and the character and violence of the assault which he permitted, if he did not encourage, has a tendency at least to show the extent of his infatuation. In our opinion the entire occurrence contains pertinent evidence tending to uphold the charge made against appellant. *Gilliland v. Board of Education,* 141 N. C., p. 482; *S. v. Walton,* 172 N. C., p. 931; *Toole v. Toole,* 112 N. C., p. 153; *S. v. Suggs,* 89 N. C., p. 527.

Appellant excepts further that the court allowed the introduction of additional evidence tending to convict him after the State had rested and when appellant had neither testified nor offered any evidence in his defense, but the objection is without merit. The female defendant had the constitutional right to be examined and to offer evidence in her own behalf, and this matter of allowing additional testimony to be introduced after the State has rested or the case closed, under our decisions is referred to the sound discretion of the trial judge, to be reviewed, if at all, only in case of manifest abuse, a condition that is by no means presented in this record. *Olive v. Olive,* 95 N. C., 486; *In re Abee,* 146 N. C., 273; *S. v. Lee,* 80 N. C., 483.

In our opinion the case has been correctly tried and the judgment of the lower court must be affirmed.

No error.