### STATE v. WILL SLOAN.

#### (Filed 22 October, 1930.)

1. **Criminal Law I g—Instruction in this case as to admissions of defendant held not erroneous.**

   On defendant's appeal from a conviction of murder, his admission on cross-examination that he had been on the roads and "they claimed I took an automobile," is not sufficiently different from an instruction, "the defendant admits a criminal record more or less, and that he was convicted of larceny" to make the statement in the charge reversible error.

2. **Same—Misstatement of admissions of defendant in charge must be brought to court's attention in apt time.**

   An error made by the judge in misstating exactly .an admission in his charge to the jury, must be brought to his attention in order to afford time and opportunity for correction.

APPEAL by defendant from *Grady, J.,* at August Term, 1930, of PERSON.

Criminal prosecution tried upon an indictment charging the prisoner with the murder of one Phœbie Gillis.

The evidence on behalf of the State tends to show that during the night of 9 April, 1930, or the early morning of 10 April, the prisoner, Will Sloan, a colored man, burglariously entered a dwelling-house in Person County, murdered Phœbie Gillis, one of the occupants therein, by shooting her in the back as she fled from his assault, or threatened violence, ravished Mary Lee Gillis, another occupant of the house, successfully made his escape, and was arrested some time thereafter.

The prisoner denied all knowledge of the crime, and offered evidence tending to establish an alibi. On cross-examination, he admitted that he had run away from South Carolina in 1925. "I ran away off the chain-gang. I was on the county roads of Richmond County. They claimed I took an automobile. I have been up for reckless driving and speeding, and on a charge of murder once, but was not convicted."

Verdict: Guilty of murder in the first degree.

Judgment: Death by electrocution.

The prisoner appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*R. B. Dawes and B. I. Satterfield for defendant.*

STACY, C. J., after stating the case: Error is assigned because the trial court, in charging the jury, stated "the defendant admits he has a criminal record, more or less; that at one time he was convicted of larceny," etc., whereas the admission made by the prisoner was that he had been on the roads of Richmond County and "they claimed I took an automobile." The assignment is without merit. The court's statement is warranted by the cross-examination of the prisoner. There is no practicable difference between the defendant's testimony and the court's interpretation of it. For the court to say that the defendant admitted he had been convicted of larceny when his admission was that he had been on the roads charged with taking an automobile, could, in no event, be held for reversible error.

Furthermore, the prisoner having omitted to call the matter to the court's attention, at the proper time, so as to afford an opportunity to remove the objection, if any really existed, may not now, after verdict, challenge its correctness. *S. v. Parker,* 198 N. C., 629.

The remaining exceptions are equally untenable.

No error.