STATE v. MELTON BAKER.

(Filed 13 October, 1937.)

1. **Abortion § 8—Evidence held sufficient for jury on issue of defendant's guilt of advising and procuring criminal abortion.**

The evidence favorable to the State tended to show that defendant had been friendly with deceased and had visited her frequently for eighteen months prior to her fatal illness, that she left her mother's home with defendant, about twelve noon one Sunday, in apparently good health, that defendant returned her to her mother's home early the following Monday morning in bad physical condition, that the abortion took place during that time, and that it caused peritonitis resulting in death. *Held:* The evidence, although contradicted in material aspects by defendant's evidence, was sufficient to show facts from which the jury could reasonably infer that defendant willfully and feloniously advised and procured the commission of a criminal abortion, and defendant's motion to nonsuit was properly overruled.

2. **Criminal Law § 52b—**

Evidence which tends to prove the fact in issue, or which conduces to that conclusion as a fairly logical and legitimate deduction, and which raises more than a mere suspicion or conjecture of guilt, is sufficient to be submitted to the jury, it being for the jury to say whether they are convinced beyond a reasonable doubt of the fact of guilt.

**3. Criminal Law § 53f—**

   A misstatement by the court of the testimony of a witness must be called to his attention in apt time to afford opportunity for correction in order for an exception based thereon to be considered on appeal.

BARNHILL, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Frizzelle, J.,* at March Term, 1937, of NASH. No error.

The defendant was tried on an indictment in which it was alleged that "Melton Baker, late of the county of Nash, on the ...... day of June, 1936, with force and arms, at and in the county aforesaid, willfully and feloniously did advise and procure one Madell Williams, then pregnant and quick with child, to take medicine, drugs, and other substances, and to use and employ, and to have used and employed certain instruments and other means with intent thereby to destroy such child, such not being necessary to preserve the life of the said Madell Williams, against the form of the statute in such case made and provided, and against the peace and dignity of the State."

There was a verdict of guilty.

From judgment that he be confined in the State's Prison for a term of not less than three or more than five years, the defendant appealed to the Supreme Court, assigning errors in the trial.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*T. T. Thorne and T. A. Burgess for defendant.*

CONNOR, J.  Madell Williams died in a hospital in the city of Rocky Mount, N. C., on 1 July, 1936.

At the trial of this action there was evidence for the State tending to show that her death was the result of peritonitis caused by a criminal abortion, which was committed some time between 12 o'clock noon on Sunday, 7 June, 1936, and the early morning of Monday, 8 June, 1936.

There was evidence for the State further tending to show that the deceased, Madell Williams, left her mother's home in Nash County about 12 o'clock noon on Sunday, 7 June, 1936, in an automobile with the defendant Melton Baker, who had called for her there; that at the time she left her mother's home, with the defendant, the deceased was apparently in good health; that when she returned to her mother's home with the defendant, early Monday morning, she was in bad physical condition, and immediately went to bed; and that she remained in bed for about a week, at her mother's home, and then, upon the advice of a physician, was taken to the hospital at Rocky Mount, where she remained until her death.

The evidence for the State further tended to show that on the day after the deceased was taken to the hospital, her mother went to see the defendant, who lived a short distance from her home, and who had been visiting the deceased for about 18 months prior to her death; that at the request of the mother of the deceased, the defendant went at once to the hospital in Rocky Mount, and there saw and talked with the deceased; and that the defendant agreed to pay and did pay for the medical service and hospital expenses rendered to and incurred by the deceased.

The defendant denied that he had advised or procured the commission of an abortion upon the deceased, or that he was responsible for her condition. He admitted that he had visited the deceased frequently prior to her illness, and testified that his relations with her were at least friendly. He further admitted that he paid her bill for medical services and hospital expenses, and testified that he did so because of his friendship for her and her mother.

Evidence for the defendant tended to show that he did not take the deceased from her mother's home, in an automobile, on Sunday, 7 June, 1936, and that he was not with her at any time during said day away from her mother's home.

The evidence for the State was sufficient to show facts from which the jury could reasonably infer that the defendant willfully and feloniously advised and procured the commission of a criminal abortion upon Madell Williams, and was for that reason properly submitted, together with the evidence for the defendant, to the jury. There was no error in the refusal of the trial court to allow defendant's motion at the close of all the evidence for judgment as of nonsuit.

In *S. v. McLeod,* 198 N. C., 649, 152 S. E., 895, it is said: "The general rule is, that if there is any evidence tending to prove the fact in issue, or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury; otherwise not, for short of this, the judge should direct a nonsuit, or an acquittal on a criminal prosecution. *S. v. Vinson,* 63 N. C., 335. But if the evidence warrant a reasonable inference of the fact in issue, it is for the jury to say whether they are convinced beyond a reasonable doubt of such fact, the fact of guilt. *S. v. Blackwelder,* 182 N. C., 899, 109 S. E., 644."

A careful examination of the record in this appeal fails to disclose any error in the trial.

If, as contended by the defendant, the judge, in response to questions of jurors, inadvertently misstated the testimony of certain witnesses for the State, the defendant should have called such misstatement to the attention of the judge, before the jury retired. In such case, the judge

would have had an opportunity to correct his alleged misstatement. A defendant cannot rely upon a general exception to an inadvertent misstatement by the judge of the testimony of a witness where, as in the instant case, the ground for such exception was not brought to the attention of the judge before the case was submitted to the jury. See *S. v. Sterling,* 200 N. C., 18, 156 S. E., 96.

The judgment is affirmed.

No error.

BARNHILL, J., took no part in the consideration or decision of this case.