STATE v. JIMMIE HOBBS.

(Filed 16 June, 1939.)

1. **Assault and Battery § 11—Evidence held sufficient for jury in this prosecution for assault with deadly weapon.**

   Evidence that each of two men, one of them identified as defendant, made a throwing motion in unison, that immediately thereafter the windshield of the oil truck driven by the State's witness was struck and broken by a rock or brick, and that defendant had cursed and threatened the driver of another oil truck, *is held* sufficient to overrule defendant's motion to nonsuit in this prosecution for assault with a deadly weapon.

2. **Assault and Battery § 8: Indictment § 20—Proof of assault with a brick or rock held not a fatal variance with a warrant charging assault with a brick.**

   Evidence that defendant committed the assault with a "brick or a rock or what" *held* not a fatal variance with a warrant charging that the assault was committed with a brick, C. S., 4623, the evidence being sufficient to justify the jury in inferring that the assault was committed with a brick as charged, and there being no element of surprise in the evidence, especially since defendant's defense was that of an alibi.

3. **Criminal Law § 48c—**

   The court has the discretionary power *ex mero motu* to permit additional evidence to be procured and introduced after argument begun, upon such evidence being brought to the attention of the court.

**4. Criminal Law §§ 44, 81a—**

A motion for a continuance made after the court has permitted additional evidence to be submitted after argument begun is addressed to the discretion of the court and its ruling thereon is not reviewable in the absence of abuse of discretion.

**5. Criminal Law § 53g—**

Objections to the charge on the ground of misstatement of evidence and contentions of the parties must be brought to the court's attention in time to afford opportunity for corrections in order for assignments of error based thereon to be considered on appeal.

**6. Criminal Law § 53h—**

The charge of the court will be construed contextually as a whole.

**7. Assault and Battery § 7d—**

A charge that if defendant intentionally threw a brick at a person and struck and broke the windshield of the truck such person was driving, defendant would be guilty of assault with a deadly weapon, even though he did not strike such other person, is without error.

**8. Assault and Battery § 7f: Criminal Law § 8b—**

An instruction upon supporting evidence that if defendant was present aiding and encouraging another who intentionally threw a brick at the prosecuting witness and broke the windshield of the truck he was driving, defendant would be guilty of an assault with a deadly weapon *is held* without error.

**9. Assault and Battery § 12: Criminal Law § 53d—When there is no evidence of guilt of less degree of the crime court need not submit the question to the jury.**

Where the uncontradicted evidence for the State tends to show that the assault was committed with a missile large enough and thrown with sufficient force to knock a large hole in the windshield of the truck driven by the prosecuting witness, and defendant relies solely upon an alibi, there is no evidence of simple assault, and the failure of the court to submit to the jury the question of defendant's guilt of this degree of the crime is not error. C. S., 4640.

**10. Assault and Battery § 8: Criminal Law § 56—**

The use of the word "feloniously" in a warrant charging an assault with a deadly weapon is surplusage and defendant's motion in arrest of judgment in the Supreme Court (Rule of Practice in the Supreme Court, No. 21) for insufficiency of the warrant is denied.

APPEAL by defendant from *Phillips, J.,* at January Term, 1939, of ANSON. No error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*

*C. P. Barringer for defendant, appellant.*

SCHENCK, J. The defendant appealed from a conviction upon a warrant in the Anson County criminal court, and was tried and convicted in the Superior Court upon the same warrant which charged that the defendant "did unlawfully, willfully and feloniously assault Willard Jackson with a deadly weapon, to wit, a brick." From judgment of imprisonment imposed in the Superior Court defendant appealed to the Supreme Court, assigning errors.

The defendant assigns as error the refusal of the court to grant his motion for judgment of nonsuit made when the State had produced its evidence and rested its case and renewed after all the evidence in the case was concluded. C. S., 4643. These assignments of error cannot be sustained.

The prosecuting witness, Willard Jackson, testified that on the night of the alleged offense, 21 November, 1938, while he was driving an oil truck on the public highway between Wilmington and Charlotte he recognized the defendant, that he saw him in company with another man whom he did not recognize, that "they made a motion to throw something and just at that time I threw up my hand over my face, and something busted my windshield. I don't know whether it was a brick or a rock or what, but it broke the windshield to the right of the center. . . . I do not know which one actually threw the brick or rock or whatever it was; both motioned. Both men made a throwing motion with the arm. . . . I did not stop to investigate. They were about 12 or 15 steps in front of their car when the motion to throw was made. The car was not over 20 steps from the highway, and they stayed at the car until I got close enough to throw at me, and I saw them just as I got even with them. . . . The place broken in the windshield was about 6 or 7 inches across, and the windshield was of shatterproof glass." The witness W. K. Barnes, who was driving another oil truck just in front of the truck driven by Jackson, testified that he saw and recognized the defendant in a black Ford sedan twice, once in Lumberton and once near Rockingham, and that the defendant cursed and threatened him. This evidence was sufficient to deny the defendant's motion for a nonsuit.

We do not concur in the contention that since the evidence was that the missile thrown was "a brick or a rock or what" and the charge in the warrant was an assault with a "deadly weapon, to wit, a brick," was a fatal variance between *probata* and *allegata*. C. S., 4623, provides that, "Every criminal proceeding by warrant, indictment, information or impeachment is sufficient in form for all intents and purposes if it express the charge against the defendant in a plain, intelligible and explicit manner. . . ." The evidence, we think, and so hold, was sufficient to justify the jury in drawing the inference that the assault

was committed with a brick as charged, and the warrant was sufficient to enable the court to proceed to judgment. There was nothing in the evidence to take the defendant by surprise in the light of the charge in the warrant, and this is especially so since the defendant's defense was that of an alibi.

The defendant lays much stress upon exceptions to the court's suspending the trial after the evidence had been closed and while the argument was in progress, to allow the State to procure additional witnesses from another county, and allowing them to testify the following morning upon the reconvening of court. A similar exception was disposed of by *Stacy, C. J.,* in *S. v. Satterfield,* 207 N. C., 118, with these words: "Likewise, allowing the solicitor to offer additional evidence after the argument had begun, was a matter addressed to the sound discretion of the trial court, and there is nothing on the record to suggest any abuse of discretion in this respect." The same discretion which allows the court to permit the solicitor upon a motion to introduce additional evidence after argument is begun, allows the court of its own motion to permit additional evidence to be procured and introduced upon such evidence being brought to the attention of the court, when the solicitor had no knowledge of such evidence.

The defendant assigns as error the refusal of the court to grant his motion for a continuance made when the court overruled his objection to the evidence introduced after argument had commenced. A motion for a continuance is addressed to the sound discretion of the trial court and its ruling thereon is not subject to review on appeal, except in cases of manifest abuse. We cannot say, upon the record, that there has been an abuse of discretion in refusing the defendant's motion. *S. v. Whitfield,* 206 N. C., 696, and cases there cited.

The defendant assigns as error many portions of the charge which he contends are misstatements of the evidence, and also many portions of the charge in stating the contentions of the parties. However, it does not appear that any of these assigned errors were called to the attention of the court at the time they were made, in order to permit the court to make correction. The failure to so call such assigned errors to the attention of the court renders them untenable. *S. v. Baker,* 212 N. C., 233; *S. v. Sloan,* 199 N. C., 598; *S. v. Lea,* 203 N. C., 13; *S. v. Whitehurst,* 202 N. C., 631.

The defendant assigns as error portions of the charge defining an assault and battery. We have read the charge carefully and are of the opinion that when read contextually it is free from prejudicial error. The court charged the jury in effect that if the defendant intentionally threw a brick at the prosecuting witness and struck and broke the windshield of the truck he was driving, although he may not have stricken

the witness, the defendant was guilty of an assault with a deadly weapon, and further, that if the defendant was personally present aiding, abetting and encouraging another, who intentionally threw a brick at the prosecuting witness and broke the windshield of the truck he was driving, he was guilty of an assault with a deadly weapon. This was a correct statement of the law applicable to the facts which the evidence for the State tended to establish.

The defendant assigns as error the court's failure to submit to the jury the charge of a simple assault. This assignment is untenable for the reason that there is no evidence of simple assault. The State's evidence tended to show that the assault committed upon the prosecuting witness was committed with a missile large enough, and thrown with force enough, to knock a hole 6 or 7 inches long in the windshield of the truck driven by the witness. There was no element of simple assault shown by the State's evidence, and the defendant's evidence was all to the effect that the defendant was elsewhere at the time of the alleged assault. "Where all the evidence at the trial of a criminal action, if believed by the jury, tends to show that the crime charged in the indictment was committed as alleged therein, and there is no evidence tending to show the commission of a crime of less degree, it is not error for the court to fail to instruct the jury that they may acquit the defendant of the crime charged in the indictment and convict him of a crime of less degree. See *S. v. Ratcliff,* 199 N. C., 9, 153 S. E., 605, where the statute, C. S., 4640, is construed and applied." *S. v. Cox,* 201 N. C., 357.

The defendant moved in this Court for an arrest of judgment under Rule 21 of Rules of Practice in the Supreme Court. The exception to the rule that no exception will be considered in the Supreme Court which has not been made a part of the case of record, under which the defendant seeks to make his motion, reads: "motions in arrest for the insufficiency of an indictment." No insufficiency of the indictment appears in this record. The charge is plainly and concisely made in the warrant upon which the defendant was tried. The word feloniously is surplusage and was properly treated as such. *S. v. Edwards,* 90 N. C., 710; *S. v. Shine,* 149 N. C., 480.

We have read the record, and have carefully considered all of the sixty-one assignments of error, and are left with the impression that the evidence supports the verdict, and that no reversible error was committed in the trial.