## STATE v. LEROY WAGSTAFF.

(Filed 8 January, 1941.)

**1. Criminal Law § 78f—**

It is not necessary that it appear of record what the answer of the witness would have been to a question asked by defendant's counsel on cross-examination in order that defendant's exception to the action of the court in sustaining the State's objection to the question be considered on appeal.

**2. Criminal Law § 29g: Rape § 7—**

In this prosecution for rape, a physician testified for the State in regard to his examination of prosecutrix, and also stated that he had had two other like cases. Defendant's counsel, on cross-examination, asked him whether the other cases had exhibited like calm. *Held:* The State's objection to the question was properly sustained, since the witness' answer would have related to *res inter alios acta.*

**3. Criminal Law § 33—**

Unless challenged, the voluntariness of a confession will be taken for granted.

**4. Same—**

The fact that the defendant was under arrest and a number of officers were present at the time it was made does not *ipso facto* render a confession incompetent for lack of voluntariness.

**5. Same—**

Where the court hears evidence offered by the State tending to show that the confession sought to be introduced in evidence was voluntary, and defendant offers no evidence in regard thereto, the conclusion of the court upon the evidence that the confession was competent is not reviewable.

**6. Criminal Law § 38a—**

Photographs of the scene of the crime are competent and are properly admitted for the limited purpose of explaining the testimony of the witnesses.

**7. Same—**

Since photographs are competent only to explain the testimony of the witnesses, testimony as to lost photographs is incompetent and is properly excluded, since photographs not produced cannot be used to explain testimony.

**8. Criminal Law § 53g—**

An exception to the court's statement of contentions in the charge will not be sustained when the matter asserted as error was not brought to the court's attention in time to afford opportunity for correction.

**9. Criminal Law §§ 40, 53h—Charge held without error when construed as a whole.**

In this prosecution for rape, defendant put his character in issue and offered evidence of his good character. The court charged that the char-

acter evidence related to the credibility of the witnesses "except as to defendant," to which defendant objected. Immediately following this charge the court instructed the jury that defendant "not only gets that benefit from testimony as to good character, but further, testimony of good character on the part of defendant becomes and is substantive evidence going to the question of guilt or innocence." *Held:* The instruction construed contextually as a whole was not erroneous but was a correct statement of the law.

**10. Criminal Law § 53d—When charge on less degrees of crime is not required by evidence, exception for failure to charge more fully thereon is untenable.**

Since the court need not instruct the jury as to less degrees of the crime charged when there is no evidence of defendant's guilt of such less degrees, an instruction that a verdict of guilty of less degrees of the crime is permissible only when there is evidence tending to support a milder verdict but that a milder verdict would not be disturbed since it would be favorable to defendant, followed by definitions of less degrees of the crime charged, cannot be held for error for failing to charge more fully upon the question of the right to convict defendant of such less degrees of the crime.

**11. Criminal Law §§ 59, 81a—**

A motion to set aside a judgment as being against the weight of the evidence is addressed to the discretion of the trial court, and its refusal to grant same is not reviewable on appeal.

**12. Rape § 10—**

A verdict of guilty of rape not only supports sentence of death but makes such sentence mandatory. C. S., 4204.

APPEAL by defendant from *Johnston, Special Judge,* at May Term, 1940, of ALAMANCE. No error.

The State's evidence tended to show that the defendant, a young Negro man, in the nighttime, during the absence of her husband, entered her residence and got in the bed where the prosecutrix, a middle-aged white woman, was sleeping, and by force and threats, and against her will, had sexual intercourse with her.

The defendant's evidence tended to show the defendant entered her residence upon the invitation of the prosecutrix, in the nighttime, during the absence of her husband, and there had sexual intercourse with her with her consent.

The jury returned a verdict of guilty of rape as charged in the bill of indictment, and from judgment of death predicated upon the verdict the defendant appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*William L. Robinson for defendant, appellant.*

SCHENCK, J.   The first exceptive assignment of error discussed in defendant's brief is addressed to the court's sustaining the State's objection to the interrogatory propounded by defendant's counsel to the State's witness, a physician, as follows: "And in those other instances was there the same measure of calm and placidity that you observed here?"   The witness had testified that he was called to see the prosecutrix in the early morning after the alleged assault was committed upon her and that he found one small mark "just reddened and might have been caused by trauma, blow or force or something" on her thigh, and that "I think I have had two other cases, similar cases to this one."

The answer that the witness would have given had he been permitted to answer the interrogatory, or what the defendant proposed to prove by the interrogatory, does not appear in the record, but since the interrogatory was propounded on cross-examination of an adverse witness it may not be essential that this should so appear to have the exception considered, but whether the answer would have been in the affirmative or in the negative it would have been incompetent as *res inter alios acta.* And even if this were not true the failure to permit answer to the interrogatory is rendered harmless by the subsequent statement of the witness: "I have no opinion as to her (prosecutrix') nervous temperament in a situation like that."   This assignment of error cannot be sustained.

The second, third and fourth assignments of error discussed in the defendant's brief are addressed to the court's refusal to sustain his objection to the testimony of certain witnesses as to confessions made by the defendant after his arrest.   The State's evidence tends to show that in the courthouse in Graham within a half hour after his arrest the defendant told the officers that he had entered the residence of the prosecutrix when he knew her husband was absent and against her will had sexual intercourse with her, and that the following night in the jail in Greensboro the defendant signed a statement to the same effect.   The sheriff of Alamance County and the jailer of Guilford County both testified that no threats were made to extort and no promises held out to induce the confessions, and that the prisoner was warned that any statements made by him would be used against him.   When the evidence of the confessions were offered the defendant tendered no evidence of their involuntariness as he was permitted to do.   *S. v. Whitener,* 191 N. C., 659.   Unless challenged, the voluntariness of a confession will be taken for granted.   *S. v. Sanders,* 84 N. C., 729; *S. v. Richardson,* 216 N. C., 304.   The fact that the defendant was under arrest and a number of officers were present at the time it was made does not *ipso facto* render a confession incompetent for lack of voluntariness.   *S. v. Murray,* 216 N. C., 681.   Where the evidence is conflicting as to voluntariness of a confession, and the trial judge finds that such confession was volun-

tarily made and admits it to be introduced and there is any evidence to support such finding, the conclusion of the judge is not reviewable, *S. v. Whitener, supra,* and *a fortiori* when there is no evidence tendered of coercion or inducement. These assignments cannot be sustained.

The fifth and sixth exceptive assignments of error discussed in defendant's brief are addressed to the admission in evidence of certain photographs of the house wherein it was contended the crime was committed and to the exclusion of certain testimony relative to certain photographs that were lost. The photographs were competent for the limited purpose of explaining the testimony of the witnesses and were admitted only for this purpose. *S. v. Perry,* 212 N. C., 533. The testimony as to lost photographs was incompetent, since photographs not produced obviously could not be used to explain testimony. These exceptions cannot be sustained.

The seventh and eighth assignments of error discussed in defendant's brief are addressed to certain excerpts from the charge, namely: in recapitulating the evidence his Honor stated that the prosecutrix told someone soon after the alleged crime was committed that "she had been abused," and that the defendant soon after his arrest "in a rather boastful manner told how he had had intercourse with this white woman, said he wanted to get it over with and tell the truth about it." We think these expressions are fair interpretations of the evidence, but even if they were not, it was incumbent upon the defendant to call the attention of the court to the errors, if errors they were, at the time they were made in order to permit the court to make correction, and failing to do this the assignment made for the first time in this Court cannot be sustained. *S. v. Hobbs,* 216 N. C., 14.

The ninth exceptive assignment of error discussed in the defendant's brief is addressed to the following excerpt from the charges: "  .  .  . character evidence always goes to the credibility of the witness, that is, it being the theory of the law that a man of good character is more likely possibly to tell the truth than a man of bad character. That is true in every instance except as to the defendant." Standing alone, this would unquestionably constitute prejudicial error, but when read in connection with what immediately preceded and followed it there is no error. The paragraph in full reads: "Now as to character witnesses, character evidence always goes to the credibility of the witness, that is, it being the theory of the law that a man of good character is more likely possibly to tell the truth than a man of bad character. That is true in every instance except as to the defendant. Then in the defendant, he not only gets that benefit from the testimony as to good character, but further, testimony of good character on the part of the defendant becomes ,and is substantive evidence going to the question of guilt or innocence."

Since the defendant had put his character in issue and had offered evidence of his good character, this charge, when read contextually and not disjointedly, was in accord with the decisions of this Court.    *S. v. Moore,* 185 N. C., 637.

The tenth exceptive assignment of error discussed in defendant's brief is addressed to the following excerpt from the charge: "A verdict of a lesser degree as I have called your attention, to the crime charged in the bill of indictment, is permissible only when there is evidence tending to support a milder verdict although there are decisions by our Court if without such supporting evidence a verdict is rendered for a lesser offense the same will not be disturbed because it is in favor of the prisoner."    This was practically all the court told the jury relative to the right to convict the defendant of a lesser offense except to follow it with instructions as to what it took to constitute an assault with intent to commit rape and an assault upon a female.    There was no error in not instructing more fully upon the question of the right to convict of a lesser offense, and there would have been no error in omitting any mention of such a right, since there is in the record no evidence to sustain a verdict of guilty of a lesser offense.    This assignment cannot be sustained.

The eleventh exceptive assignment of error discussed in the defendant's brief is to the following excerpt from the charge: "That he (the defendant) is a strong healthy young negro with the normal appetite of a young negro, that he had had his eye on this woman."    The statement was used in stating the contention of the State and no objection was made thereto at the time in order to give the court an opportunity to make correction if there was an error (which to us is not apparent), and objection made for the first time in this Court cannot be sustained. *S. v. Hobbs, supra.*

The twelfth and thirteenth exceptive assignments of error discussed in the defendant's brief are addressed to the court's refusal to grant the defendant's motion to set aside the verdict as being contrary to the greater weight of the evidence and to the entering of the judgment of death.    These exceptions are formal and are disposed of in the discussion of the exceptions that preceded them.    The granting of a motion to set aside a judgment as being against the weight of the evidence is within the discretion of the trial judge and his refusal to grant same is not reviewable on appeal.    *S. v. Caper,* 215 N. C., 670.    The judgment is not only sustained by the verdict, but is made mandatory thereupon by the statute, C. S., 4204.

This case presented but one issue, namely, was the sexual intercourse by the defendant with the prosecutrix obtained by her consent or by his force.    The evidence of the State and of the defendant, sordid in

extreme, was in direct conflict; and when contemplated with an unagitated mind seems unreasonable and unreal. The entry into a dwelling house of a white woman, in the absence of her husband, by a young Negro man and the ravishment by him of her, to the average mind presents an unnatural story; and likewise the extending of an invitation by a white woman to a Negro man to enter her dwelling to voluntarily indulge in sexual intercourse with him to the average mind presents an equally unnatural story. However this may be, the issue raised by the conflicting evidence was fairly submitted to the jury and the jury has spoken and the judgment has been pronounced. Notwithstanding the able and earnest efforts of defendant's counsel and the gravity of the result, the judgment must be sustained, since upon the record we find

No error.