STATE v. ROBERT RISING.

(Filed 15 December, 1943.)

**1. Trial § 4: Criminal Law § 44: Appeal and Error § 37b—**

The general rule is that the allowance of a motion for continuance is in the sound discretion of the trial judge and not subject to review in the absence of abuse of discretion.

**2. Same—**

Where a criminal prosecution is continued to the next regular term and prior thereto called for trial at a special term, there is no error for the court to refuse a continuance to such regular term, on the ground of the

unavoidable absence of a material expert witness for defense, it appearing that the solicitor agreed not to offer evidence on the facts, which it was alleged would be denied by such absent witness.

**3. Constitutional Law § 28: Criminal Law § 46—**

There is no denial of prisoner's right to confrontation, N. C. Const.. Art. I, sec. 11, by the refusal of a motion to continue, on the ground of the absence of a material, expert, fingerprint witness, it appearing that the State's solicitor agreed that he would not, and did not offer evidence as to fingerprints.

**4. Criminal Law §§ 41g, 52b—**

The evidence of accomplices is sufficient to carry the case to the jury and to justify a refusal of motion to nonsuit. C. S., 4643.

**5. Criminal Law § 48e: Appeal and Error § 37b—**

The refusal to allow accused to reopen the case and introduce further evidence, after the taking of evidence had been closed and solicitor's argument concluded, was within the sound discretion of the trial judge and not subject to review except for manifest abuses thereof.

**6. Trial § 33: Criminal Law § 53g—**

Exceptions to the court's statements of the evidence are untenable, where it does not appear in the record that the alleged errors were called to the attention of the court in time to make correction.

APPEAL by defendant from *Burney, J.,* at February Special Term, 1943, of NEW HANOVER.

The defendant was convicted of feloniously breaking and entering the warehouse of the Wilmington Coca-Cola Bottling Works, Inc., with the intent of stealing chattels, money and valuable securities therein, and of the larceny of said personal property of said bottling works, and from judgment of imprisonment predicated on the verdict the defendant appealed, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*W. L. Farmer and W. F. Jones for defendant, appellant.*

SCHENCK, J. The bill of indictment upon which the defendant was convicted was found at the January Term, 1943, of the Superior Court of New Hanover County, and charged that the crime was committed on 13 September, 1942. At the January Term, upon the motion of the defendant the case was continued till the next ensuing regular term for the trial of criminal cases, which convened in March, 1943. Thereafter a special term for the trial of criminal cases was called by his Excellency, the Governor, to convene on 22 February, 1943.

At the February Special Term, when the case was called for trial, the defendant lodged a motion for a continuance, which motion was disallowed, and defendant preserved exception, and stressfully presented this exception both in brief and oral argument on his appeal to this Court.

The basis of this motion for continuance was the inability of the defendant to have in court as a witness one Walter C. Dean, an expert in fingerprint reading, who was sick in a hospital in Atlanta, Georgia. It was made to appear that the defendant had arranged to have this witness in court at the regular March Term of court, but was unable to have him present at the February Term. It was further made to appear that it was the purpose of the defendant to use the testimony of the absent witness to contradict evidence which the State would offer tending to show that certain fingerprints found on the safe, out of which the chattels and money were taken, were those of the defendant. However, the record discloses that the solicitor for the State agreed that he would offer no evidence as to fingerprints, if the case were tried at the February Term. In view of this agreement, the court's refusal to allow the motion for continuance cannot be held for error. The general rule is that the allowance of a motion for continuance is in the sound discretion of the trial judge. *S. v. Lippard, ante,* 167. However, the defendant contends that this case falls within an exception to the general rule and is governed by the recent case of *S. v. Farrell, ante,* 321. With this contention we do not concur. Farrell's case is bottomed upon the theory that the defendant was denied his constitutional right of confrontation, which carried with it not only the right to face one's accusers and witnesses with other testimony, but also an opportunity fairly to present one's defense. No such situation is presented by the record in this case. The only purpose for which it appears the expert witness was to be offered was to meet evidence of the State relative to fingerprints found on the safe from which the property was taken. The solicitor's agreement to introduce no evidence as to fingerprints obviated any necessity for the testimony of the absent witness by way of confrontation or of presenting defendant's defense. The exceptive assignments of error relating to the disallowance of the motion for a continuance cannot be sustained.

The defendant contends that the court erred in overruling his motion to dismiss the action duly lodged when the State had produced its evidence and rested its case and renewed when all the evidence was concluded. (C. S., 4643.) This contention is untenable. Two witnesses, who were originally indicted with the defendant and who subsequently tendered a plea of guilty, testified that they, together with the defendant, entered the warehouse, broke open the safe, removed the money therefrom, and divided it among the three. This evidence alone, al-

though the testimony of accomplices, was sufficient to carry the case to the jury, and to sustain the verdict. *S. v. Lippard, supra.*

We have carefully examined the other exceptive assignments of error in the record addressed to the admission and rejection of evidence and find that they are without merit. The refusal of the trial judge to allow the defendant to reopen the case and introduce further evidence after the taking of evidence had been closed and the solicitor had concluded his argument was referred to the sound discretion of the trial judge, to be reviewed, if at all, only in the case of manifest abuse, a condition that is by no means presented in this record. *S. v. Roberts,* 188 N. C., 460, 124 S. E., 833; *S. v. Rash,* 34 N. C., 382.

The exceptive assignments of error addressed to his Honor's charge principally assail the statement of the evidence made by the court. These assignments are untenable for the reason that it does not appear in the record that the alleged errors were called to the attention of the court to enable him to make corrections if error there was. *S. v. Hobbs,* 216 N. C., 14, 3 S. E. (2d), 431; *S. v. Wagstaff,* 219 N. C., 15, 12 S. E. (2d), 657. His Honor was careful to tell the jury that it was their duty to consider all the evidence whether it was called to their attention or not, and to disregard what counsel, or even the court, stated the evidence was if such statement was 'at variance with their recollection thereof— that the jury's recollection of the evidence should guide them in determining the facts.

While the entire charge does not appear in the record, we have carefully examined those excerpts which do appear and we find in them no prejudicial error.

In our opinion the case has been correctly tried and the judgment of the lower court must be affirmed.

No error.