### STATE v. CHRIS MOSCHOURES.

(Filed 19 October, 1938.)

**1. Intoxicating Liquor § 9f—**

A charge of unlawful possession of intoxicating liquors for the purpose of sale and a charge of unlawful sale of intoxicating liquors, C. S., 3411 (b), are distinct charges of separate offenses, and support separate sentences by the court on a general plea of guilty.

**2. Same: Constitutional Law § 32—Sentence held not objectionable as imposing cruel or unusual punishment.**

A sentence of imprisonment for 18 months on the first count of unlawful possession of intoxicating liquors for the purpose of sale, and a like sentence on the second count of unlawful sale of intoxicating liquors, suspended for five years upon condition that defendant does not violate the criminal laws of the State, does not impinge the constitutional provision against cruel or unusual punishment. N. C. Constitution, Art. I, sec. 14.

APPEAL by the defendant from *Alley, J.,* at February Term, 1938, of BUNCOMBE. Affirmed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*
*Worth McKinney and T. O. Pangle for defendant.*

PER CURIAM. The defendant entered a general plea of guilty, and on the first count in the warrant his Honor imposed sentence of imprisonment for 18 months to be assigned to labor under the supervision and control of the State Highway and Public Works Commission, and on the second count a similar sentence, commencing at the expiration of the sentence on the first count, suspended for five years upon condition that the defendant does not violate the criminal laws of the State.

To the judgment entered the defendant reserved exception and appealed, contending that the warrant charged but one offense and sup-

ported but one sentence. With this contention we cannot concur. The affidavit upon which the warrant was predicated reads as follows : "T. K. Brown, being duly sworn, complains and says, that at and in said county, on, or about the 4th day of December, 1937, Chris Moschoures did unlawfully, willfully and feloniously have and keep in his possession for the purpose of sale or barter a quantity of intoxicating whiskey. 2nd Count—Chris Moschoures on said date at and in said county, did unlawfully, willfully barter, sell, give away, furnish, deliver, exchange and otherwise dispose of intoxicating liquors, contrary to the form of the statute, and against the peace and dignity of the State." The first count clearly contains a charge of unlawful possession of intoxicating liquors for the purpose of sale and the second count a charge of unlawful sale of intoxicating liquors. C. S., 3411 (b). These are distinct charges of separate offenses, and support the separate sentences imposed.

Defendant also contends that the sentences inflicted cruel and unusual punishment in violation of Article I, sec. 14, of the Constitution of North Carolina, with which contention we likewise cannot concur. "It is equally well settled that when no time is fixed by the statute, this Court will not hold imprisonment for two years cruel and unusual." *S. v. Farrington,* 141 N. C., 844; *S. v. Daniels,* 197 N. C., 285, and cases there cited.

The judgment below is
Affirmed.