STATE OF NORTH CAROLINA v. DOUGLAS THORNTON

No. 7214SC812

(Filed 29 December 1972)

1. Narcotics § 4.5— stipulation of chemist's testimony — instructions assuming substance obtained from defendant is heroin

In a prosecution for possession and distribution of heroin wherein it was stipulated that an S.B.I. chemist would testify that a glassine

bag given him by a police officer contained heroin, the trial court erred in assuming in its instructions that the substance in glassine bags purchased from defendant was the same substance tested by the S.B.I. chemist.

2. **Criminal Law § 26; Narcotics § 5— conviction of possession and distribution of heroin — double jeopardy**

Defendant's constitutional right against double jeopardy was violated when he was convicted of both possession of heroin and distribution of heroin based on the same incident.

APPEAL by defendant from *Bailey, Judge,* 10 July 1972 Session of DURHAM County Superior Court.

Defendant was tried on two bills of indictment charging that on 18 March 1972 he committed two violations of the North Carolina Controlled Substances Act: in Case No. 72CR7103, with the possession of heroin (G.S. 90-95(a)(3)), and in Case No. 72CR7104, with the distribution of heroin (G.S. 90-95(a)(1)).

The State's evidence in its light most favorable tended to show that on 18 March 1972 at about 4:55 p.m. defendant sold to C. R. Thompson, a Durham policeman, three bags of heroin for $30.00. On that occasion both Thompson and defendant were inside an apartment; Thompson negotiated for the sale of the drug, and defendant went into the kitchen of the apartment; upon returning to the living room, defendant handed Thompson the three bags, and Thompson gave defendant the money.

Defendant's evidence tended to show that the substance sold to Thompson was not heroin, but that the three bags were "dummies" given defendant by the police informer who accompanied Thompson to the apartment. Sale of the "dummies" was a scheme originated by the informer, not the defendant, having as its goal to trick Thompson and to take his money, which was divided between the informer and defendant.

Defendant was convicted of both crimes as charged in the two indictments, and was sentenced to imprisonment for five years for each crime, the sentences to run consecutively. Each statutory section authorizes a maximum punishment of five years' imprisonment.

The defendant alleged prejudicial error in the court's charge in that the trial court assumed, and so instructed the

jury, that the substance taken from defendant was the same substance tested by the State Bureau of Investigation Laboratory, which substance *tested* was found to be heroin.

The defendant also contends that the two convictions were error in that he was twice put in jeopardy for the same offense, since possession was incidental to and inherent in the sale.

*Attorney General Robert Morgan by Assistant Attorney General R. S. Weathers for the State.*

*Loflin, Anderson and Loflin by Thomas F. Loflin III for defendant appellant.*

CAMPBELL, Judge.

At the beginning of trial the defendant stipulated that (1) State's Exhibit #1 was a laboratory report from a Mr. Neal C. Evans of the State Bureau of Investigation Crime Laboratory; (2) that one of the three glassine bags given Evans by J. C. Fuller, a Durham police officer, was tested by Evans in the laboratory; and (3) that if Evans were called to testify, he would testify that the glassine bag contained heroin.

The trial court, in the charge, reviewed the sequence of events by stating that the State's witness, Thompson, told defendant " . . . that he would like to buy three bags of heroin . . . ; that there Mr. Thornton went to the back room; that when he returned he had with him three bags of heroin, or three bags of some substance; that Thompson took the bags and paid to Mr. Thornton the sum of $30.00 and left."

With respect to the stipulation, the trial court further instructed:

> "Now, it was stipulated at the outset of this trial that that material, or some of it, was analyzed by the State Bureau of Investigation, and that the chemist who is a duly qualified expert in the field of qualitative analysis, would testify if he were here that upon the analysis of this material he found it to be the narcotic drug known as heroin.

> Now, what his findings would be is not in contest, so if I refer to the contents of the bags as heroin, I do so simply because there is no argument that that is what the analysis would show. We do that simply to avoid the

necessity of bringing the chemist over here to say what he has written in a letter."

[1]  Defendant assigned the above portion of the charge as error, and we feel that this assignment of error is well taken. Defendant never stipulated that the substance taken from him was the same substance tested by the State laboratory. While there was sufficient evidence upon which the jury could find that the two substances were in fact the same, still this determination was for the jury. On cross-examination, the State's witness, Thompson, could not remember exactly what he did with defendant's substance before he turned it over to his police contact, and he could not remember whether he made other purchases of heroin from different persons on that day. The court's charge in effect completely removed this doubt from the jury, and stated that the State had proved that the defendant had possessed and distributed heroin.

The court may not assume as true the existence or non-existence of any material fact in issue, since the credibility of all the evidence tending to establish the crime and the identity of the defendant as the perpetrator of that crime is for the jury to determine. 3 Strong N. C. Index 2d, Criminal Law, § 114.

Because of this prejudicial error a new trial must be conducted.

[2]  Another assignment of error by the defendant deserves attention. May the defendant be tried, convicted and punished under both indictments?

The Fifth Amendment to the United States Constitution protects a person from the risks and the harassment inherent in being tried twice for the same crime. This principle is included in the North Carolina Constitution, Article I, Section 19 (formerly Section 17) by judicial construction. *State v. Mansfield*, 207 N.C. 233, 176 S.E. 761 (1934). This constitutional guaranty also protects a defendant from multiple punishment for the same offense. *State v. Summrell*, 282 N.C. 157, 192 S.E. 2d 569 (1972).

In the instant case all of the evidence shows that the distribution of a controlled substance in violation of G.S. 90-95 (a) (1) was shown, and that no "line of demarcation between defendant's" possession and his distribution of the heroin could

be drawn. The possession was in no manner unrelated in point of time to the distribution as alleged in the indictment. Since possession requires control and since transfer of the drug is an exercise of dominion and control over it, whether the transfer be actual or constructive, it is impossible to prove distribution of a narcotic without at least also proving constructive possession of it. Two offenses in point of time and as a matter of law are not shown by this evidence.

Upon the legal principles discussed in *State v. Summrell, supra,* we hold that in the instant case two separate, distinct, and punishable crimes were not established.

The sentences imposed upon the defendant's conviction being consecutive, there is substantial prejudice to him.

Upon a new trial the evidence may be different, and we therefore refrain from any other action other than ordering a new trial on both charges with directions to follow the views herein expressed.

New trial.

Judges BROCK and GRAHAM concur.