STATE OF NORTH CAROLINA v. LEWIS YELVERTON

No. 737SC319

(Filed 23 May 1973)

**Narcotics § 5— possession and distribution of marijuana — two distinct crimes**

The possession and distribution of a single quantity of marijuana taking place on one occasion constitute two crimes for each of which defendant may be convicted and punished.

APPEAL by defendant from *Webb, Judge,* 9 October 1972 Criminal Session of WILSON County Superior Court.

Defendant was charged in two bills of indictment with the crimes of possession of 2.4 grams of marijuana with intent to distribute on 19 July 1972, and with the distribution of 2.4 grams of marijuana on 19 July 1972. The evidence was to the effect that he made a sale to an undercover agent. He was convicted and sentenced for both crimes.

*Attorney General Robert Morgan by Assistant Attorney General Raymond W. Dew, Jr. for the State.*

*Farris, Thomas and Farris by Robert A. Farris for defendant appellant.*

CAMPBELL, Judge.

Defendant has argued that the possession and distribution of a single quantity of marijuana taking place on one occasion constitutes but one crime for which he may be punished only once. This Court so held in *State v. Thornton,* 17 N.C. App. 225, 193 S.E. 2d 373 (1972), upon the premise that it is impossible to prove distribution of a narcotic without also proving at least constructive possession.

The *Thornton* case, however, has been specifically disapproved in *State v. Cameron,* filed in the Supreme Court of North Carolina on 18 April 1973. In the opinion by Justice Moore, it is observed that the General Assembly created two distinct crimes of equal degree, to be separately punished rather than providing that one should be a lesser included offense in the other. It is a matter of public policy, then, to punish equally the possession of a controlled substance and the distribution of a controlled substance.

It is also a rule of law that if a defendant's conduct violates two or more criminal statutes, he may be convicted and punished only one time if *each* crime does not require proof of additional facts not required by the other. *State v. Birckhead,* 256 N.C. 494, 124 S.E. 2d 838 (1962). In the *Cameron* ruling the Supreme Court met this test by holding that:

> " 'There are different elements present in the two crimes of selling and possessing the prohibited drugs. Proof of the illegal sale of the drugs would not prove the illegal possession of the drugs, since persons might legally possess the drugs who could not legally sell them. Proof of the illegal possession of the drugs would not prove the illegal sale of the drugs. Neither offense is a necessary element in, and constitutes an essential part of, the other offense. . . . ' " *Gee v. State,* 225 Ga. 669, 171 S.E. 2d 291 (1969).

As we find no error in the conduct of the trial, the judgment and conviction must be affirmed.

Affirmed.

