STATE OF NORTH CAROLINA v. JOE ERNAL LEWIS, JR.

No. 763SC660

(Filed 2 February 1977)

**1. Criminal Law § 22— plea bargaining — limitation on evidence**
   G.S. 15A-1025 prohibiting the introduction of any evidence of plea bargaining between defendant or his counsel and the solicitor was not applicable in this case to exclude evidence of plea negotiation between defendant and the arresting officer.

State v. Lewis

2. **Criminal Law § 26; Narcotics § 1— possession and delivery of same controlled substance — two offenses — no double jeopardy**

   Imposition of separate sentences for defendant's convictions of (1) possession with intent to deliver a controlled substance and (2) delivery of the same controlled substance did not violate the prohibitions against former jeopardy, since two separate and distinct crimes were established, though they both arose from the same transaction.

APPEAL by defendant from *Kivett, Judge.* Judgment entered 3 March 1976 in Superior Court, CARTERET County. Heard in the Court of Appeals 18 January 1977.

Upon pleas of not guilty, defendant was tried on separate indictments charging him with (1) possession with intent to deliver a controlled substance and (2) delivery of a controlled substance to Oral Graham Mizzell. The State's evidence tends to show:

On the night of 12 May 1975 L. C. Swain of the Carteret County Sheriff's Department approached defendant outside a bar in Atlantic Beach. Swain saw defendant hand a plastic package to Oral Graham Mizzell. Mizzell turned towards the officer and threw the package on the ground. Mizzell and defendant were taken into custody and the package, which contained nine purple tablets, was seized. Analysis of one of the tablets revealed it to be lysergic acid diethylamide (LSD).

Defendant's evidence tends to show that when Mizzell observed the officers he attempted to pass the package to defendant; that defendant pushed Mizzell's hand away; that defendant did not have a plastic bag in his possession and he did not hand a package to Mizzell.

The jury found defendant guilty as charged. From judgments imposing a seven-year prison sentence and a consecutive five-year suspended sentence, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Jesse C. Brake, for the State.*

*McNeill, Graham, Darden and Coyne, P.A., by H. Buckmaster Coyne, Jr., for defendant appellant.*

BRITT, Judge.

[1] Defendant contends that the trial court erred in admitting evidence indicating that he had entered into plea negotiations with the arresting officer. This contention is without merit.

During the cross-examination of defendant, the district attorney asked defendant if he had told Officer Swain that he sold LSD in the past. Defendant denied making the statement but admitted going to Swain's office the week before trial. The district attorney then asked, "Why did you go there?" Defendant's objection was overruled and defendant answered, "Well, Mr. Swain was going to make a plea bargain with me, he told me . . . . "

We note first that defendant failed to make an objection or a motion to strike following this allegedly inadmissible evidence. Nevertheless, he argues that G.S. 15A-1025 prohibits the introduction of any evidence of plea bargaining, thereby rendering this evidence inadmissible. That statute provides in pertinent part that:

". . . The fact that the defendant or his counsel and *the solicitor* engaged in plea discussion or made a plea arrangement may not be received in evidence against or in favor of the defendant in any criminal or civil action or administrative proceedings." (Emphasis added.)

Defendant concedes that the challenged evidence pertained to plea negotiations between defendant and the arresting officer rather than the solicitor, but argues that the policy behind the statute should render this evidence also inadmissible. We disagree.

The statute expressly forbids the introduction of evidence concerning a plea discussion between defendant or his counsel and *the solicitor*. The statute is not applicable in the present situation where the only evidence of plea negotiation concerns a discussion between defendant and an arresting officer. The statute is explicit and will not be expanded to apply in this case.

[2] Defendant next contends that the imposition of separate sentences for his convictions of (1) possession with intent to deliver a controlled substance and (2) delivery of a controlled substance violates the prohibitions against former jeopardy. We disagree.

The recent case of *State v. Lankford*, 31 N.C. App. 13, 228 S.E. 2d 641 (1976), is dispositive of this issue. The court there stated:

"The sale of a controlled substance is a specific act and occurs only at one specific time. However, the possession

of that controlled substance with the intent to sell it is a continuing offense from the time it was unlawfully obtained until the time the possessor divests himself of the possession." 31 N.C. App. at 18, 228 S.E. 2d at 645.

This same rationale applies to the separate and distinct offenses of delivery of a controlled substance and possession with the intent to deliver the controlled substance. Also analagous is the Supreme Court holding in *State v. Moschoures,* 214 N.C. 321, 199 S.E. 92 (1938), that the unlawful possession of intoxicating liquor for the purpose of sale and the unlawful sale of intoxicating liquor constitute distinct and separate offenses supporting separate sentences. In *State v. Cameron,* 283 N.C. 191, 195 S.E. 2d 481 (1973), it was decided that the imposition of two consecutive sentences for the possession of heroin and for the sale of heroin did not constitute double jeopardy.

For the plea of former jeopardy to be good, the plea must be grounded on the "same offense" both in law and in fact. It is not sufficient that the two offenses arise out of the same transaction. *State v. Cameron, supra.* 2 Strong, N. C. Index 2d, Criminal Law § 26. In the instant case we think that two separate and distinct crimes were established and that the court did not err in imposing consecutive sentences.

We hold that defendant received a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge MORRIS concur.