State v. Saunders

STATE OF NORTH CAROLINA v. STANLEY EUGENE SAUNDERS

No. 771SC720

(Filed 21 February 1978)

1. Narcotics § 1.3— sale and delivery of marijuana to minor—possession with intent to sell and deliver not lesser included offense

    Possession of marijuana with intent to sell and deliver is not a lesser included offense of sale and delivery to a minor, since the crime of sale and delivery to a minor can be complete where no unlawful possession occurs; therefore, defendant could be convicted both of possession with intent to sell and deliver and sale and delivery to a minor, even though the two charges arose out of the same transaction and were proved by virtually identical evidence.

2. Narcotics § 4.5— stipulation by defendant—erroneous instruction—prejudicial error

    In a prosecution for possession of marijuana with intent to sell and deliver and sale and delivery of marijuana to a minor where defendant and the State stipulated only that certain material analyzed by an SBI agent was marijuana,

the trial court committed prejudicial error when, in recapitulating the State's evidence in his charge to the jury, the court implied that defendant admitted in the stipulation that the substance determined by the SBI agent to be marijuana was given to a named minor by defendant in exchange for cash.

APPEAL by defendant from *Tillery, Judge.* Judgment entered 3 May 1977 in Superior Court, CURRITUCK County. Heard in the Court of Appeals 12 January 1978.

Defendant was tried on an indictment charging him with possession of marijuana with intent to sell and deliver, a violation of G.S. 90-95(a)(1). The indictment also charged that defendant, being 18 years of age or older, sold and delivered marijuana to a person under 16 years of age, a violation of G.S. 90-95(e)(5). Defendant pled not guilty, but the jury returned verdicts of guilty on both counts. The court consolidated the two counts for judgment and ordered defendant committed for five years as a "committed youthful offender". From this judgment, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Rebecca R. Bevacqua, for the State.*

*Twiford, Trimpi and Thompson, by John G. Trimpi, for defendant appellant.*

MORRIS, Judge.

**[1]**   We first consider defendant's contention that the crime of possession of marijuana with intent to sell and deliver is a lesser included offense of sale and delivery of marijuana by a person 18 years or older to a person under 16 years of age. Defendant accurately points out that, by its very terms, a violation of G.S. 90-95(e)(5) (delivery of a controlled substance by a person 18 years of age or over to a person under 16 years of age) can only be shown by proof, *inter alia,* that a violation of G.S. 90-95(a)(1) has occurred. However, G.S. 90-95(a)(1) encompasses several distinct criminal acts relating to controlled substances, including not only selling or delivering, but also possession with intent to sell or deliver. The only portion of G.S. 90-95(a)(1) which defendant was charged with violating was the portion making it unlawful for any person to possess a controlled substance with intent to sell or deliver.

In determining whether possession with intent to sell and deliver is a lesser included offense of sale and delivery to a minor, we must apply the test used by our Supreme Court in *State v. Cameron*, 283 N.C. 191, 195 S.E. 2d 481 (1973). Applying that test to the present case, we find that while the two charges arose out of the same transaction and were proved by virtually identical evidence, the crimes charged are distinct and separate offenses. The crime of sale and delivery to a minor can be complete where no unlawful possession occurs, but proof of unlawful possession is clearly an essential element of the crime of possession with intent to sell and deliver. Possession with intent to sell and sale are, therefore, distinct offenses, and the former is not a lesser included offense of the latter. *State v. Yelverton*, 18 N.C. App. 337, 196 S.E. 2d 551 (1973).

[2] Immediately prior to the conclusion of the State's evidence, the defendant and the State stipulated to the following:

"(1) That on March 21st, 1977, Special Agent N. C. Evans, of the North Carolina State Bureau of Investigation, received a white envelope containing plant material, by registered mail, from Deputy Lowell Wood; that Agent Evans chemically analyzed such plant material and determined the same to be less than one ounce of marijuana; that Agent Evans returned the remaining plant material to Deputy Wood on March 25, 1977, by first class mail.

(2) That on March 21, 1977, Special Agent N. C. Evans received a Marlboro cigarette box, containing three pink hand-rolled cigarettes, from Deputy Sheriff Lowell Wood, by registered mail; that Agent Evans conducted a chemical test on the vegetable material contained in such cigarettes and determined the same to be less than five grams of marijuana; that thereafter Mr. Evans returned the same to Deputy Wood by first class mail on March 25, 1977.

(3) That Special Agent N. C. Evans is a qualified chemist, specializing in the chemical analysis of controlled substances, for the State Bureau of Investigation."

The stipulation does not state that defendant gave a bag of vegetable material to anyone; neither does it state that the substance received by Kevin Forbes was determined to be marijuana. The stipulation simply states that the substance sent to

Agent Evans by Deputy Lowell Wood was determined to be marijuana, leaving the State with its burden of proving that the substance analyzed by Agent Evans was the same substance defendant sold to Kevin Forbes. More specifically, the State sought to prove that a series of transactions and exchanges originating with the defendant culminated in the acquisition of the marijuana by Deputy Wood. Tracing each transaction or exchange, the State offered proof that defendant sold a quantity of marijuana to Kevin Forbes, a 14-year-old student; that Forbes sold a "joint" containing a portion of that marijuana to Eddie Barnes, a 16-year-old student; that Louis Blanchard, Jr., a teacher, took the "joint" from Barnes and gave it to Principal Jimmy Webb; that Webb put the "joint" in an envelope and gave it to Wallace O'Neal, the police school liaison officer; and that O'Neal gave the envelope to Deputy Wood. The State also offered proof that the remainder of the marijuana which defendant sold to Kevin Forbes was rolled into three marijuana cigarettes and placed into an ordinary cigarette pack; that when Forbes was called to the principal's office, he gave the cigarette pack containing the three "joints" to Tammy Sawyer, a 17-year-old student; that Tammy Sawyer gave the cigarette box to Principal Webb; that Webb gave the cigarette box to O'Neal; and that O'Neal gave the cigarette box to Deputy Wood. The State offered ample evidence to establish each link in the chain of possession, but the credibility of that evidence was for the jury to determine.

Not only did defendant fail to concede that he participated in the chain of events described in the State's evidence, he presented evidence tending to contradict the State's evidence. Defendant took the stand, denying any participation in the transactions. He also denied ever having smoked marijuana. Defendant's father also testified that he knew of no marijuana use by his son and that he had never smelled any smoke around their house other than ordinary tobacco smoke. Furthermore, the officers who searched defendant's bedroom found no marijuana or odor of marijuana; in fact, they found nothing "that would be connected or identified in any manner with the use and possession of marijuana."

In recapitulating the State's evidence in his charge to the jury, the trial judge described the stipulation, along with some of the other evidence, as follows:

State v. Saunders

"The State further offered evidence which in substance tends to show that Kevin Forbes said that he had contacted the defendant on the 9th of March, . . . and that on the 10th . . . they went in a bathroom where Stanley Saunders gave him a bag of a vegetable material in exchange for $5.00.

The State further offered evidence which in substance tends to show, and this was stipulated, that *that substance* was sent to the State Bureau of Investigation Laboratory in Raleigh, where it was examined by the chemist, Mr. N. C. Evans, and that his analysis with respect to the material which was in Eddie Barnes' cigarette pack was that it was the substance marijuana in a quantity of less than one ounce; and that his examination of the substance which was in the Marlboro pack taken from Tammy Sawyer was marijuana, and in a quantity of less than five grams." (Emphasis added.)

Despite the State's obligation to prove each essential step in the transaction, the clear implication conveyed to the jury by the judge's charge is that defendant admitted or stipulated that the substance Agent Evans determined to be marijuana was given to Kevin Forbes by defendant in exchange for $5.00. A strikingly similar misstatement in the charge to the jury occurred in *State v. Thornton*, 283 N.C. 513, 196 S.E. 2d 701 (1973), and the Supreme Court there held that "[s]uch inadvertence on the part of the court effectively negated the paramount issue raised" and entitled defendant to a new trial. *Id.* at 520, 196 S.E. 2d at 706. Likewise, the trial judge's unintentional expression in this case was prejudicial error and entitles defendant to a new trial on both charges.

We have not considered defendant's remaining assignments of error because they are unlikely to reoccur.

New trial.

Judges CLARK and MITCHELL concur.