STATE OF NORTH CAROLINA v. JAMES DOUGLAS JOYNER

No. 787SC184

(Filed 11 July 1978)

1. **Narcotics § 1.3— possession and sale of same drugs—two separate offenses**
   Defendant could be convicted of both possession with intent to deliver and sale and delivery of the same controlled substances, since possession and sale are separate and distinct offenses.

State v. Joyner

2. **Criminal Law § 169.7— evidence excluded—similar evidence subsequently admitted**

In a prosecution for possession with intent to deliver and sale and delivery of controlled substances where defendant claimed entrapment, defendant was not prejudiced by the trial court's exclusion of his testimony as to a conversation between himself and an undercover agent since the substance of that testimony excluded by the trial court was admitted at other times.

3. **Criminal Law § 112.1— reasonable doubt—definition not required**

The trial court is not required to define reasonable doubt in the absence of a specific request by defendant to do so.

ON certiorari to review the trial of defendant before *Cowper, Judge*. Judgment entered 11 May 1976 in Superior Court, WILSON County. Heard in the Court of Appeals 20 June 1978.

The defendant was charged in bills of indictment, proper in form, with possession with intent to deliver and with delivery and sale of controlled substances, to wit: Placidyl, Dalmane, and Ionamine. The defendant pled not guilty to each charge, and the State offered evidence tending to show the following:

On 22 December 1975 J. G. Prillaman, an undercover agent of the State Bureau of Investigation, went to the defendant's home in Wilson, North Carolina, and purchased from the defendant 1000 yellow capsules for $350. On the afternoon of 29 December Agent Prillaman called the defendant and asked him to sell some more drugs. The two men later scheduled a meeting at 8:30 p.m. at a local bar. Prillaman and two other agents arrived at the bar at the prescribed time and the defendant arrived a short time later. Almost immediately upon the defendant's arrival he and the three agents left in his automobile. When they reached the highway the defendant told Prillaman to take a paper bag from under the seat. Inside the bag Prillaman found a plastic bag containing 500 yellow capsules, a plastic bag containing 500 red and yellow capsules and two bags containing red gelatin capsules. Prillaman paid the defendant $430 for the capsules, and the defendant drove the car back to the bar. The capsules were later determined by an S.B.I. chemist to be Placidyl, Dalmane, and Ionamine, the possession and sale of which are barred by the Controlled Substances Act, G.S. 90-95(a)(1).

The defendant produced evidence tending to show that Agent Prillaman who claimed to be a drug dealer had telephoned

him frequently and had requested that the defendant sell him drugs, and that the defendant acted only upon the inducement of Agent Prillaman.

The jury found the defendant guilty of all charges, whereupon judgment was entered imposing two consecutive prison terms of five years each. The defendant gave notice of appeal. When the defendant's former attorney failed to perfect his appeal this Court granted his petition for a writ of certiorari.

*Attorney General Edmisten, by Associate Attorney R. W. Newsom III, for the State.*

*Fitch and Butterfield, by Milton F. Fitch, Jr., for the defendant appellant.*

HEDRICK, Judge.

[1]  The defendant first contends that the trial court erred in its denial of his several motions for judgment as of nonsuit as to the three charges of possession with intent to deliver controlled substances. Specifically, the defendant, citing *State v. Thornton,* 17 N.C. App. 225, 193 S.E. 2d 373 (1972), argues that since the sale and delivery of the controlled substances necessarily included the possession of the same, he could be convicted only of the former offense with respect to each drug.

The defendant, as well as the State, overlooks the fact that the rule which he extracts from *State v. Thornton, supra,* was overturned by our Supreme Court in its decision in the same case. *State v. Thornton,* 283 N.C. 513, 196 S.E. 2d 701 (1973). In that case, as in a line of cases which followed, the Supreme Court re-affirmed the principle set forth in *State v. Cameron,* 283 N.C. 191, 195 S.E. 2d 481 (1973), that possession and sale are separate and distinct offenses. *See also State v. Aiken,* 286 N.C. 202, 209 S.E. 2d 763 (1974); *State v. Lewis,* 32 N.C. App. 298, 231 S.E. 2d 693 (1977). We hold that the evidence viewed in the light favorable to the State was sufficient to submit each case to the jury and to support the verdicts.

[2]  The defendant also contends that the trial court erred in excluding the testimony of the defendant as to a conversation between himself and one of the undercover agents. In the pertinent testimony, which was offered to bolster the defendant's defense

of entrapment, the defendant testified that Agent Kelley of the S.B.I. had contacted him three times a week for several weeks before he met Agent Prillaman, urging him to supply drugs for Kelley to sell to truckdrivers and offering the defendant a pound of marijuana if he would do so. The trial judge excluded this testimony because Kelley was not available for cross-examination.

Prior to offering the foregoing testimony the defendant was allowed to testify that Kelley had called him often and had come to his residence "about three or four times a week" and had "talked to me about getting some speed for truck driving and I didn't want to do it at first because . . . I was afraid of getting caught." After the subject testimony was excluded the defendant was allowed to testify as follows:

> I had never dealt in drugs before I met Agent Kelley. On December 22, Agent Kelley had set up a deal. He came to my house and Agent Prillaman was with him. Agent Kelley introduced Agent Prillaman as a friend and said he was not going to be in town and that he was leaving and that Agent Prillaman would be handling his connection and that I should treat him as I treated him, meaning Agent Kelley. . . . They painted a pretty picture about the money that I would make and they said at no risk to me, that I would be the middle man and no one would know my name.

The foregoing demonstrates that the defendant was allowed to testify to the nature of his relationship with Agent Kelley and Agent Kelley's overtures to the defendant to persuade him to sell drugs. Thus, the substance of that testimony excluded by the trial court was admitted at other times. In view of the law of entrapment, *see State v. Stanley*, 288 N.C. 19, 215 S.E. 2d 589 (1975), we think the defendant has failed to show any prejudicial error in the trial judge's ruling. This assignment is overruled.

[3] Finally, the defendant contends that the trial court erred in its charge to the jury in failing to define "reasonable doubt." The trial court is not required to define reasonable doubt in the absence of a specific request by the defendant to do so. *State v. Edwards*, 286 N.C. 140, 209 S.E. 2d 789 (1974). The record reveals and the defendant admits that no such request was tendered. Therefore, this assignment is without merit.

We hold that the defendant received a fair trial free from prejudicial error.

No error.

Judges PARKER and MITCHELL concur.