STATE OF NORTH CAROLINA v. JAMES THOMAS DAVIS

No. 839SC463

(Filed 17 January 1984)

1. **Criminal Law § 91— speedy trial—time computed from date of indictment and not service of indictment**

    Defendant's contention that the judge's order of 20 August 1981 to exclude the period from 17 August 1981 to 5 October 1981 for speedy trial purposes was void for lack of jurisdiction because the bill of indictment was not served on defendant until 26 August 1981 was without merit since the day of indictment rather than service of indictment is the event which triggers the computation of speedy trial limitations. G.S. 15A-701(a1)(1).

2. **Criminal Law § 91— motion for dismissal of charge not equivalent to motion for prompt trial**

    Defendant's "motion and request for dismissal of charge" was not equivalent to the "motion for prompt trial" required by G.S. 15A-702; therefore, the trial judge did not err in failing to set defendant's trial within the 30 day time of 15A-702 or the six month period set by 15A-711. G.S. 15A-701, G.S. 15A-703, and G.S. 15A-711(c).

3. **Criminal Law § 66.7— photographic identification—properly admitted**

    There was no error in the trial judge's allowing a photographic identification into evidence where the witness expressed no doubt as to her identification of the defendant as the perpetrator of the crime.

**4. Criminal Law § 112.1 — failure to instruct on reasonable doubt — no request**

Without a request to instruct on reasonable doubt, the trial court is not required to define it.

**5. Criminal Law § 62 — motion to require State's witness to submit to polygraph test properly denied**

The trial judge properly denied defendant's motion to require the State's witness to submit to a polygraph test since (1) defendant has no right to require that a witness for the State submit to a polygraph examination, and (2) the Supreme Court has recently stated that polygraph evidence is not admissible in any trial.

**6. Constitutional Law § 48 — ineffective assistance of counsel — insufficiency of evidence**

Defendant failed to show that his attorney was incompetent in that he did not prepare a defense before trial, he did not submit proposed instructions to the trial judge, and he filed a motion for a continuance since the record showed on its face that defendant's attorney provided an adequate defense through objections to evidence and cross-examination of witnesses, failure to submit proposed instructions did not adversely affect defendant's rights, and merely asking for a continuance, nothing else appearing, cannot be characterized as attorney incompetence.

APPEAL by defendant from *Bailey, Judge.* Judgment entered 9 December 1982 in Superior Court, PERSON County. Heard in the Court of Appeals 6 December 1983.

Defendant was indicted on 17 August 1981 for armed robbery of $2,327.00 from Brenda Love, a clerk at a Pantry, Inc. store on 28 June 1981. He was found guilty of armed robbery at the 2 September 1982 Criminal Session of Person County Superior Court and was sentenced to seven years in prison on 9 December 1982. Defendant appeals.

*Attorney General Edmisten, by Associate Attorney John R. Corne, for the State.*

*Ronnie P. King, for defendant-appellant.*

EAGLES, Judge.

I.

Defendant's first assignment of error is that the trial court erred in denying his motion to dismiss for failure to comply with the Speedy Trial Act. He asserts three errors in the trial court's application of the Speedy Trial Act: (1) that an order dated 20

August 1981 to exclude the period from 17 August 1981 to 5 October 1981 was void because jurisdiction had not attached, making defendant's includable time more than 120 days, in violation of G.S. 15A-701; (2) that the trial court failed to set defendant's case for trial after his motion for a speedy trial pursuant to G.S. 15A-702(b); and (3) that defendant was not tried within six months of his request for trial pursuant to G.S. 15A-711(c). We find no merit in these assertions.

[1]  Defendant contends that the judge's order of 20 August 1981 to exclude the period from 17 August 1981 to 5 October 1981 was void because the bill of indictment was not served on defendant until 26 August 1981. Contrary to appellant's contentions, *service* of an indictment is not the key to jurisdiction. While a "valid indictment is a condition precedent to the jurisdiction of the Superior Court to determine the guilt or innocence of the defendant," *State v. Ray*, 274 N.C. 556, 562, 164 S.E. 2d 457, 461 (1968), *service* of indictment is no longer the event which triggers the computation of speedy trial limitations. The clear language of the statute requires a trial to begin within 120 days from the date the defendant "is arrested, served with criminal process, waives an indictment, or *is indicted*, whichever occurs last." G.S. 15A-701 (a1)(1) (emphasis added). Before the 1977 amendment, the speedy trial statute referred to the date the defendant was "*notified* pursuant to G.S. 15A-630 that an indictment has been filed against him," G.S. 15A-701(a1)(1) (1973) (amended 1977) (emphasis added), but the amended version applies here.

Jurisdiction attached upon the return of a true bill of indictment on 17 August 1981. Consequently, the judge's order of 20 August 1981 was not jurisdictionally flawed, and it properly excluded the period of 17 August 1981 through 5 October 1981, pursuant to G.S. 15A-701(b)(8).

The period from 11 December 1981 through 1 March 1982 was also properly excluded, pursuant to G.S. 15A-701(b)(8). The period from 15 February 1982 through 2 May 1982 was excludable pursuant to G.S. 15A-701(b)(1), because of the pendency of defendant's motion seeking dismissal of charges. The period from 3 May 1982 until the trial date was properly excluded, pursuant to G.S. 15A-701(b)(1), because of defendant's motion for a continuance. Defendant's includable time for speedy trial purposes was the

sixty-six days from 6 October 1981 through 10 December 1981, well within the 120 day limit.

[2]   G.S. 15A-702 provides that for cases in which venue for trial is in a county with a limited number of court sessions, a defendant can file a motion for a prompt trial and the judge "may order the defendant's case be brought to trial within not less than 30 days." Defendant's 15 February 1982 "motion and request for dismissal of charge," is not equivalent to the "motion for prompt trial" required by G.S. 15A-702. Because defendant moved for dismissal, not a prompt trial, the trial judge did not err in failing to set defendant's trial as contemplated by G.S. 15A-702. Even if defendant had filed a proper "motion for prompt trial," setting a trial date within not less than 30 days is permissive rather than mandatory for the judge under G.S. 15A-702. See, *State v. Cornell,* 51 N.C. App. 108, 275 S.E. 2d 857 (1981). Sanctions, including dismissal, are available under G.S. 15A-703 if defendant is not tried within the time set by the trial judge under G.S. 15A-702 (if he enters a prompt trial order) or the time limits set by G.S. 15A-701.

Relying on G.S. 15A-711, defendant also contends that his trial should have been held within six months of his 15 February motion to dismiss. G.S. 15A-711(c) provides that an imprisoned defendant who has other charges pending against him, may:

> [B]y written request filed with the clerk of court where the other charges are pending, require the prosecutor prosecuting such charges to proceed. . . . If the prosecutor does not proceed . . . within six months from the date the request is filed with the clerk, the charges must be dismissed.

Because defendant's "motion and request for dismissal of charge" is not the equivalent of a request to proceed under G.S. 15A-711, there was no error in failing to set defendant's trial within six months of 15 February 1982.

II.

[3]   Defendant assigns as error the admission into evidence of a photographic identification and an in-court identification of defendant. As to admissibility of photographic identifications, our Supreme Court has stated the appropriate standard:

Identification evidence must be excluded as violating a defendant's rights to due process where the facts reveal a pretrial identification procedure so impermissibly suggestive that there is a very substantial likelihood of irreparable misidentification.

*State v. Barnett*, 307 N.C. 608, 627, 300 S.E. 2d 340, 350 (1983). Defendant asserts that the store clerk's testimony showed that she was unable to identify defendant's picture until she saw defendant in person, and that the photographic identification was tainted by a subsequent one-on-one confrontation. In fact, Ms. Love's testimony was that she told a detective that defendant's face "stood out" in the photographs and that: "I wasn't sure that I had to see the person in person to make sure of the height and all of that." At the pre-trial photographic lineup, Ms. Love expressed no doubt as to her identification of the defendant as the perpetrator of the crime. We find no error in the trial judge's ruling that allowed the photographic identification into evidence. Ms. Love's testimony supports the trial court's conclusion that there was nothing "impermissibly suggestive" about the pre-trial photographic identification procedure here.

As to the in-court identification of defendant by Ms. Love, defendant failed to object. It is a well-established rule that, nothing else appearing, admission of evidence that may be incompetent is not prejudicial error when there was no objection at the time the evidence was offered. *State v. Hammond*, 307 N.C. 662, 300 S.E. 2d 361 (1983). Accordingly, we find no error here.

### III.

[4] Defendant assigns as error the trial judge's failure to instruct the jury on "reasonable doubt." Without a request to instruct on reasonable doubt, the trial court is not required to define it. *State v. Wells*, 290 N.C. 485, 492, 226 S.E. 2d 325, 330 (1976); *State v. Joyner*, 37 N.C. App. 216, 245 S.E. 2d 592 (1978). Because there was no request by defendant, we find no error in the judge's failure to instruct the jury on reasonable doubt.

[5] Defendant also cites as error the trial judge's denial of defendant's motion to require the State's witness, Ms. Love, to submit to a polygraph test. Defendant has no right to require that a witness for the State submit to polygraph examination. Further,

our Supreme Court has recently stated that polygraph evidence is not admissible in any trial. *State v. Grier*, 307 N.C. 628, 300 S.E. 2d 351 (1983). Although defendant's trial occurred before *Grier* was decided, the policy against using polygraphic evidence that led to the *Grier* decision is applicable here.

> The validity of the polygraphic process is dependent upon . . . a large number of variable factors, many of which are extremely difficult, if not impossible, to assess.

*Id.* at 645, 300 S.E. 2d at 360. We find no error in the trial judge's denial of defendant's motion to require a State's witness to submit to a polygraph test.

## IV.

[6] Defendant assigns as error that he was denied his constitutional right to effective assistance of counsel. In *State v. Weaver*, 306 N.C. 629, 295 S.E. 2d 375 (1982), our Supreme Court adopted the *McMann* standard in determining what constitutes ineffective assistance of counsel, i.e., whether counsel's performance was "within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed. 2d 763 (1970). Defendant asserts that his attorney was incompetent in that he did not prepare a defense before trial, he did not submit proposed instructions to the trial judge, and he filed a motion for a continuance. The record shows on its face that defendant's attorney provided an adequate defense through objections to evidence and cross examination of witnesses. Failure to submit proposed instructions did not adversely affect defendant's rights. The trial judge gave adequate instructions without submissions from defendant. Merely asking for a continuance, nothing else appearing, cannot be characterized as attorney incompetence. The facts are not sufficient to support a conclusion that the performance of his attorney was not within the range demanded of criminal defense attorneys.

We have examined defendant's other assignments of error and find them to be without merit.

No error.

Judges HEDRICK and BRASWELL concur.