State v. Gibson

STATE OF NORTH CAROLINA v. DARYL E. GIBSON

No. 7312SC265

(Filed 23 May 1973)

1. Narcotics § 4.5— stipulation that substance was heroin — no necessity for further proof on that issue

Where an S.B.I. agent purchased a foil package from defendant which was turned over to an S.B.I. chemist for analysis and defendant stipulated that the substance in the package was heroin but did not stipulate that the chemist would have testified that the substance was heroin, the trial court did not err when, in its instruction, it recited the stipulation and charged that "no further proof is required for the facts stated in the agreement."

2. Criminal Law §§ 97, 169— refusal to reopen case to enter excluded testimony into record — no error

For the purpose of appellate review, the time to elicit testimony a witness would have given had he been permitted to answer questions objected to is immediately after the question or questions are objected to while that witness is still on the stand or else with the agreement of the trial court to provide for its later inclusion in the record; therefore, the trial court did not err in refusing to reopen the case and to allow defendant to enter excluded testimony of two witnesses into the record after the taking of evidence had been closed, particularly where the facts sought by each excluded question were clearly placed into evidence in other parts of the record.

3. Criminal Law § 34— evidence of defendant's guilt of prior offenses — instruction to disregard testimony — harmless error beyond reasonable doubt

Testimony by an S.B.I. agent that he had bought heroin from defendant on occasions prior to that for which defendant was on trial, even if error, did not justify reversal of the conviction and judgment since (1) any harmful effect of the admission of that testimony was corrected by the court's immediate instruction to the jury not to consider it and (2) any error in the admission of evidence of the prior crime was harmless beyond a reasonable doubt in view of the other competent and overwhelming evidence of defendant's guilt.

---

State v. Gibson

---

APPEAL by defendant from *James, Judge,* 7 November 1972 Criminal Session of CUMBERLAND County Superior Court.

Defendant was tried on a bill of indictment charging in the first count that on 1 June 1972 he did unlawfuly possess heroin, and in the second count that on 1 June 1972 he did distribute heroin. He was found guilty and was sentenced to imprisonment for three to four years for possession and four to five years for distribution, the sentences to run concurrently.

Frank Parker and Sammy Hayes worked together as undercover narcotic agents for the State Bureau of Investigation. On the night of 1 June 1972 they were given $40.00 by Agent Steven Woodall and instructed to make a purchase of narcotics from Daryl E. Gibson. Later that evening, while observed by Parker, Hayes received a foil package from defendant in exchange for $20.00. Parker wrote his initials and the date on the foil package, and gave it to Agent Woodall; Woodall wrote his initials on the foil, sealed the package inside a manila envelope, and delivered it to the S.B.I. chemical laboratory in Raleigh.

The defendant stipulated "that Agent McSwain [the S.B.I. chemist] received a manila envelope containing a tin foil packet with white powder in it on the 7th of June, 1972, from Agent Steve Woodall. That he conducted a chemical analysis of the white powder and found the presence of the scheduled one controlled substance of heroin, . . . "

*Attorney General Robert Morgan by Assistant Attorney General James E. Magner, Jr. for the State.*

*Assistant Public Defender Kenneth Glusman for defendant appellant.*

CAMPBELL, Judge.

[1] The defendant stipulated that the substance received from Agent Woodall and analyzed by Agent McSwain was heroin. He did not stipulate that Agent McSwain would have testified that it was heroin. The court did not err when, in its instruction, it recited the stipulation and charged that "no further proof is required for the facts stated in the agreement." Compare *State v. Thornton,* 17 N.C. App. 225, 193 S.E. 2d 373 (1972) (first syllabus).

[2]   At the close of all the evidence and after the jury had been instructed and retired for deliberation, the defendant requested the court to recall Parker and Hayes as witnesses so that the answers to questions objected to and sustained could be made part of the record. The court declined to recall those witnesses.

Since the exclusion of testimony will not be held to be prejudicial if the record fails to show what the witness would have testified had he been permitted to answer questions objected to, *State v. Kirby,* 276 N.C. 123, 171 S.E. 2d 416 (1970), it would be prejudicial error for the trial court to prevent a witness from giving his answer out of the hearing of the jury if requested by counsel.

Here, however, the refusal of the trial judge to allow the defendant to reopen the case and introduce further evidence after the taking of evidence had been closed is within the sound discretion of the trial judge, to be reviewed only in the case of manifest abuse. *State v. Rising,* 223 N.C. 747, 28 S.E. 2d 221 (1943). The time to elicit such excluded testimony, for purpose of appellate review, is immediately after the question or questions are objected to while that witness is still on the stand or else with the agreement of the trial court, to provide for its later inclusion in the record.

Further, we find no manifest abuse or discretion in the instant case, or prejudicial error in the exclusion of the testimony sought by the defendant. Each question was directed to the drug habit, criminal record, or manner of becoming an S.B.I. undercover agent of witness Hayes. All of these facts were clearly placed into evidence in other parts of the record.

During direct examination of witness Hayes by the State, as he was describing the purchase of heroin from defendant, he testified over objection and before the court ruled on the objection that he had bought heroin from the defendant on prior occasions. The court immediately cautioned the jury not to consider the statement. Defendant's motion for mistrial was denied, which denial is now the subject of an assignment of error properly noted.

[3]   If it be assumed that admission of the prior crime of possession was error (compare *State v. Johnson,* 13 N.C. App. 323, 185 S.E. 2d 423 (1971), *appeal dismissed,* 281 N.C. 761, 191

S.E. 2d 364 (1972)), such error does not justify reversal of the conviction and judgment for two reasons: (1) any harmful effect of the admission of that testimony was corrected by the court's instruction to the jury not to consider it, *State v. Perry,* 276 N.C. 339, 172 S.E. 2d 541 (1970); and (2) error in the admission of evidence of the prior crime was harmless beyond a reasonable doubt in view of the other competent and overwhelming evidence of defendant's guilt. There is not a reasonable possibility that the evidence complained of might have contributed to the conviction, or that a different verdict might have resulted if the evidence had not gotten in. *Chapman v. California,* 386 U.S. 18, 17 L.Ed. 2d 705, 87 S.Ct. 824 (1967); *Fahy v. Connecticut,* 375 U.S. 85, 11 L.Ed. 2d 171, 84 S.Ct. 229 (1963); *State v. Knight,* 282 N.C. 220, 192 S.E. 2d 283 (1972).

No error.

Judges PARKER and HEDRICK concur.