STATE OF NORTH CAROLINA v. COLONEL LEE WORTHAM

No. 749SC685

(Filed 16 October 1974)

1. Criminal Law § 87— leading questions — allowance not prejudicial

The trial court in this armed robbery case did not abuse its discretion in allowing the district attorney to ask three questions which, if perhaps leading, were all clearly designed to facilitate the hearing.

2. Criminal Law § 88— recross-examination not permitted — no error

The trial court did not err in refusing to allow defendant to recross-examine a State's witness concerning testimony elicited on redirect examination where defendant's attempted recross-examination did not relate to any matter not touched upon in either the direct or cross-examination of the witness.

3. Criminal Law § 99— clarification of question by judge — no expression of opinion

The trial court did not express an opinion regarding the credibility of a defense witness where the witness, asked of what he had been convicted, replied, "like spending time in an institution of any kind?" and the trial judge answered, "no, convicted is what he asked you, including payoffs."

4. Criminal Law §§ 162, 169— failure to make timely objection, motion to strike

Defendant was not prejudiced where the trial court allowed a prosecution witness to recount a statement by a codefendant made in defendant's absence, since the witness was allowed to testify in response to several questions concerning the statement before defendant made any objection and defendant made no motion to strike the witness's answers; furthermore, even if defendant did not waive any rights by his failure to make timely objections and motion to strike, admission of the testimony concerning his codefendant's statement was at most harmless error beyond any reasonable doubt.

5. Criminal Law § 102— jury argument of district attorney — propriety

Defendant failed to show any impropriety in the district attorney's use of the words "thieves," "rogues," and "scoundrels" when referring to defendants in his jury argument.

APPEAL by defendant from *Bailey, Judge,* 25 March 1974 Criminal Session of Superior Court held in GRANVILLE County.

Defendant was indicted for the armed robbery of Jim Hobgood and pled not guilty.

Evidence for the State tended to show: On 16 January 1974 Jim Hobgood operated the Buy Quick Food Mart in Oxford. On that date defendant, accompanied in his car by James Royster,

Lewis Royster, and Dan Moss, drove around the town of Oxford, stopping at several small grocery stores with the idea of "getting some money." The other stores did not seem "right," according to the testimony of James Royster, and at approximately 10:30 p.m. defendant and his passengers stopped at the Buy Quick Food Mart. James Royster and Lewis Royster went inside, Lewis Royster having previously asked for and obtained a gun carried by Dan Moss. The two Roysters spent about five minutes going in and out of the store, whereupon defendant came up to them and asked them what was wrong. The Roysters reentered the store, followed shortly by defendant. Defendant was in the process of purchasing a soda and a pack of cigarettes when Lewis Royster pointed a gun in Hobgood's face and shouted, "This is it . . . up with some money." The manager and the other customers were told to lie on the floor, James took over $320.00 from the cash register, and Lewis, as he left, fired the gun at the ceiling. Defendant meanwhile had left the store and pulled his car around on a side street, where he waited with the motor running. The Roysters got into the car and all four went to James Royster's house, where they divided the money.

Defendant's evidence tended to show: On 16 January 1974 at approximately 10:00 p.m. he drove over to Otis Royster's house to play cards. Several people were there drinking and talking, including Dan Moss, whom defendant knew, and Lewis Royster and James Royster, whom defendant did not know but whose names he learned the next day. James, Lewis, and a third person, unfamiliar to defendant, asked him to drive them to the Buy Quick to purchase a bottle of wine. During the drive Lewis Royster, who was wearing an "afro" wig, talked about robbing the store. James and the third person agreed to the idea, but defendant testified that he paid no attention to this talk. After parking in front of the store, defendant walked over to the side of the store to talk to some girls he knew while Lewis and James went inside. Defendant then went into the store and was at the counter purchasing a soda and a pack of cigarettes when Lewis pushed him aside, stuck a gun in the store manager's face, and ordered everyone to lie down. Defendant slowly backed out of the store and told the third person, who had remained on the sidewalk in front of the store, that those "fools" were robbing the place. The third person stated that he knew that, pulled a gun on defendant and he and defendant got in the car and pulled around on a side street, where they waited for the Roysters. After the Roysters got in the car, defendant

drove out in the country to a deserted intersection where his passengers got out. The next morning, after he finished working, defendant went to the police station and told of the robbery. Defendant stated that he was 19 years old and had never been convicted of an offense.

The jury found defendant guilty as charged, and from judgment imposing a prison sentence of not less than 25 nor more than 30 years, defendant appealed.

*Attorney General James H. Carson, Jr., by Assistant Attorney General Ralf F. Haskell for the State.*

*Watkins, Edmundson & Wilkinson by C. W. Wilkinson, Jr., for defendant appellant.*

PARKER, Judge.

[1] Defendant initially assigns error to the trial court's allowing the district attorney to ask what the defendant contends were leading questions. Whether to permit counsel to ask leading questions is a matter within the sound discretion of the trial judge, and his exercise of that discretion will not be disturbed on appeal absent a showing of abuse. *State v. Peele*, 281 N.C. 253, 188 S.E. 2d 326 (1972) ; *State v. Pearson*, 258 N.C. 188, 128 S.E. 2d 251 (1962). Examination of the record discloses that defendant's first assignment of error is based upon only three questions which, if perhaps leading, were all clearly designed to facilitate the hearing. In permitting these questions, no abuse of the trial judge's discretion has been shown.

[2] Nor did the trial court err, as defendant urges, in not allowing him to recross-examine a State's witness concerning testimony elicited on redirect examination. "After a witness has been cross-examined and re-examined, it is in the discretion of the trial judge to permit or refuse a second cross-examination, and counsel cannot demand it as a right." 1 Stansbury's N. C. Evidence (Brandis Revision) § 36, p. 109. We note here that the record does not disclose either what specific questions defendant attempted to ask or what the answers to those questions would have been. The record contains only the statement that defendant's attorney "attempted to recross-examine the witness as to Colonel Lee Wortham's statement as to why he drove the other suspects off." Examination discloses that defendant's attorney had fully and fairly cross-examined the witness, who testified that defendant had stated that his reason for driving

the participants away from the scene of the robbery was that he, the defendant, was "scared of them," and defendant's attempted recross-examination did not relate to any matter not touched upon in either the direct or cross-examination of the witness. Defendant's constitutional right to confront the witnesses against him through cross-examination was in no way impaired. Defendant's assignment of error on this point is overruled.

[3]   Defendant next contends that the trial court impermissibly expressed an opinion regarding the credibility of a defense witness. The witness, asked of what he had been convicted, replied, "like spending time in an institution of any kind?" The trial judge then stated to the witness, "no, convicted is what he asked you, including payoffs." While the court's attempt to clarify the question was perhaps inartfully worded, we do not agree that the natural inference of the court's statement was that the witness had been "paid off" to testify in other trials. The more reasonable conclusion to be drawn from the statement was that the trial judge was attempting to distinguish between convictions which resulted in the imposition of an active sentence and those where the judgment required only payment of a fine. We find no reversible error in the statement made by the judge.

[4]   Defendant's next assignment of error is that the trial court erred in allowing a prosecution witness to recount a statement by Dan Moss, a codefendant at this trial, made in defendant's absence. The record shows:

> "Mr. Momier [the witness] said he was present when they arrested Dan Moss. He stated that Mr. Moss was warned of his constitutional rights. He stated that Dan Moss made the statement that he was on the car with Colonel Wortham and the two Roysters on the night before the robbery and that he did not commit the robbery.

> "At this point, the solicitor asked the following question:

> " 'Mr. Momier, this was on the night before the robbery or on the night of the robbery?'

> "Both the defendant Wortham and the defendant Moss objected.

> "The objection was overruled by the court.

"The defendant Wortham excepted.

"EXCEPTION NO. 7.

"Answer to this question, 'It was on the night of the robbery.' "

Defendant on appeal contends implicitly that his objection, noted in the portion of the record quoted above, was addressed to the entire testimony relating to Moss's statement. The record indicates to us, however, that the witness was allowed to testify in response to several questions concerning the statement of Moss before any objection was made. Furthermore, no motion was made by defendant to strike the witness's answers to previous questions. An objection to incompetent evidence ordinarily must be made as soon as the complaining party has the opportunity to learn that the evidence is objectionable, and by failing to object in apt time the party waives the objection. 1 Stansbury's N. C. Evidence (Brandis Revision) § 27. Although Moss's statement to the officers was not a confession, it did contradict defendant's own testimony that Moss was not one of the three passengers in his car on the night of the robbery. As a result it prejudiced defendant's credibility rather than linked him to the crime. Moss did not testify, and evidence as to his extrajudicial statement should have been excluded had timely objection been made. *Bruton v. United States*, 391 U.S. 123, 20 L.Ed. 2d 476, 88 S.Ct. 1620 (1968) ; *State v. Fox*, 274 N.C. 277, 163 S.E. 2d 492 (1968). Here, no timely objection was made. Moreover, even if it be considered that defendant did not waive any rights by his failure to make timely objections and motion to strike, admission of the testimony concerning his codefendant's statement was at most harmless error beyond any reasonable doubt. The overwhelming nature of the properly admitted evidence establishing defendant's guilt simply leaves no reasonable possibility that admission of the testimony as to Moss's statement could have played any part in defendant's conviction. Where, as here, the error complained of could not possibly have influenced the verdict, a new trial will not be awarded. *State v. Knight*, 282 N.C. 220, 192 S.E. 2d 283 (1972) ; *State v. Gibson*, 18 N.C. App. 305, 196 S.E. 2d 564 (1973).

[5] Addressing ourselves to defendant's remaining assignments of error, we find nothing sufficient to warrant granting a new trial. The record discloses no occurrence at trial that would support a finding that the trial judge abused his discretion in

not granting a mistrial. Finally, with respect to the asserted impropriety of certain remarks made by the district attorney during argument to the jury to the effect that defendants were "thieves," "rogues" and "scoundrels," the record does not show the context within which such remarks were made, and there has been no showing that any impropriety in the district attorney's employing such epithets was sufficient to require another trial.

In defendant's trial and the judgment appealed from we find

No error.

Judges CAMPBELL and VAUGHN concur.